**Phillip EMERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0480–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 1984.

Allen C. Isbell, Houston, for appellant.
Timothy G. Taft, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

## OPINION

DUGGAN, Justice.

Appellant was convicted by a jury in district court of the misdemeanor offense of official oppression, Tex.Penal Code Ann. § 39.02 (Vernon 1974). The court assessed his punishment at confinement in the county jail for one year and a fine of $2,000.

Appellant's conviction in a companion case was affirmed in an earlier opinion by this panel. *Emerson v. State,* 662 S.W.2d 92 (Tex.App.—Houston [1st Dist.], 1983) (not yet reported). His first ground of error in both cases asserted an identical challenge to the court's jurisdiction to hear the matter. We here repeat our earlier disposition overruling this ground of error.

By a supplemental ground of error, appellant argues that the present conviction should be set aside because he was deprived of a complete statement of facts in this case, "having exercised due diligence to obtain one and without fault on his part."

Appellant, an indigent both at trial and on this appeal, is now represented by replacement appellate counsel, Mr. Allen Isbell, who was appointed by the trial court after our March 21, 1983, order that Mr. John James, appellant's original appellate counsel (as well as his trial counsel) be removed for failure to file a brief in appellant's behalf as ordered. In his original brief, replacement counsel stated that a portion of the statement of facts was missing; that he had been unable to contact the court reporter, Gary Tatum, before filing his original brief in compliance with our filing deadline order; and that a hearing to determine completeness of the record was pending in the trial court. The record indicates that a hearing was thereafter conducted by the trial judge concerning completion of the statement of facts. While the transcription of the hearing is not before us, all parties are in agreement with the statement in the State's brief

> that the court reporter's notes of the testimony of witness Carolyn Stephenson taken on December 5, 1979, could not be found. It was also established that the first demand for said notes made by the appellant of the court reporter was on or about June 24, 1983 [by replacement counsel, Mr. Isbell].

Appellant's supplemental ground of error has followed.

Appellant urges that he is entitled to reversal of his conviction because the entire testimony of the witness, Detective Stephenson, is missing from the statement of facts, and that this testimony is crucial to his appeal since a motion for mistrial in response to the witness's testimony was urged, denied, and preserved for review. He asserts in his argument supporting his supplemental ground of error that

> [b]y its action in March, 1983, [mandating the removal of appellant's original appellate attorney and ordering the appointment of new counsel] this Court found that appellant had received ineffective

assistance of counsel on appeal by the representation of [the original attorney]. He argues that to deny appellant his complete record would be to punish him for the ineffectiveness of his previous appellate counsel.

The record reflects that the indigent appellant's trial counsel was appointed to represent appellant on appeal at the time of sentencing, February 12, 1980, and that the court on that same date ordered the court reporter to prepare a statement of facts for the appeal. On two occasions, in May 1980 and in October 1981, after the clerk's notification of completion of the record was furnished to both parties, the State objected to the incompleteness of the record. The State notified appellant's attorney, Mr. James, of each such objection, and the court on each occasion withdrew its order of approval of the record and directed Mr. James to seek an appropriate extension for filing of the record, first from the Texas Court of Criminal Appeals, and thereafter from this court after September 1, 1981. Mr. James complied and was granted an extension from this court until November 12, 1981, to allow completion of the record.

The Harris County District Clerk again, for a third time, notified all parties on January 29, 1982, of the completion of the record, and the trial court approved the corrected record on February 22, 1982, noting that neither party had objected within fifteen days of the clerk's notification of completeness, as required by Tex.Code Crim.Proc.Ann. art. 40.09.

Thereafter, no brief was filed in this court by Mr. James, nor was a motion filed seeking an extension of time for filing appellant's brief. On February 3, 1983, this court ordered Mr. James to file an appellant's brief on or before March 3, 1983. No brief was filed. On March 21, 1983, some thirteen months after final approval of the record, this court entered a stay of proceedings and ordered the trial court to remove Mr. James as counsel for appellant, and to appoint other counsel. On March 24, 1983, the district court removed Mr. James and appointed Mr. Isbell to represent appellant.

Mr. Isbell requested and was granted extensions until June 20, 1983, to file appellant's brief. In his brief, filed on that date, he requested abatement as an alternative to his first, or jurisdictional, ground of error, based on his observation "[d]uring a final review of the record," of a single page's reference to bench dialogue between appellant's trial counsel and the trial judge suggesting that a Detective Stephenson had testified, that an objection had been made, an instruction given, and a motion for mistrial made and denied. He states, and we observe, that the record contained no testimony from a Detective Stephenson, and no index of witnesses. Neither does the docket sheet contain a list of witnesses.

■ The law is settled that the trial court has the duty to provide an indigent defendant with an adequate record for appeal, as well as with the effective assistance of counsel. *Guillory v. State,* 557 S.W.2d 118 (Tex.Cr.App.1977).

■ It is also settled that indigents must adhere to the time requirements imposed by Tex.Code Crim.Pro. art. 40.09, concerning the timely filing of affidavits showing entitlement to a free transcript. *Zamora v. State,* 568 S.W.2d 355 (Tex.Cr.App.1978).

■ To be entitled to a reversal of a judgment of conviction where a statement of facts is not filed, an appellant must show, first, that he exercised due diligence in requesting it, and second, that failure to file or have it timely filed is not in any way due to negligence, laches, or other fault on his own or his attorney's part. Circumstances in such cases are to be viewed from the appellant's standpoint, and any reasonable doubt is to be resolved in his favor. *Timmons v. State,* 586 S.W.2d 509, 512 (Tex. Cr.App.1979).

The State argues that Tex.Rev.Civ.Stat. Ann. art. 2324 requires that court reporters preserve their notes for three years, and that more than three years passed from the time the testimony in question was recorded until appellant's replacement counsel first asked for "the missing statement of facts."

The instant case is not one of an entire missing statement of facts, nor is it a case of delay or lack of diligence by appellant or his counsel in initially requesting the statement of facts. The three-year period for retention of the court reporter's notes is not relevant. Appellant gave notice of appeal at the conclusion of his sentencing hearing, and obtained at that time the court's order declaring him indigent, appointing original appellate counsel to represent him, and directing the court reporter to prepare a statement of facts. There was literally *no* time period, much less any significant portion of a three-year period, when the court reporter was unaware that a complete statement of facts was required. The reporter's instructions to prepare a statement of facts were received from the court before the adjournment of the sentencing proceeding.

Further, the State argues that Art. 40.-09(3) of the Code of Criminal Procedure fixes responsibility upon the appellant to obtain the statement of facts; that appellant and his attorneys have delayed more than three years from the time the witness testified before requesting the missing testimony; that even since the appointment of replacement counsel on March 23, 1983 (after this court ordered that original counsel be removed and replaced), more than ninety days passed before any demand was made by appellant for the missing testimony; and that such delay is a failure to exercise the due diligence required by Art. 40.09(3) and by case authority, citing *Walker v. State,* 642 S.W.2d 189 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

*Walker* involved an attorney's initial delay in contacting a court reporter after the attorney timely secured an order for a statement of facts, and the apparent loss in the interim of the reporter's notes of an entire proceeding. The question of an initial diligent request to a reporter for an entire record is not before us in the instant case. Neither did the reporter here in question lose his entire notes. After the prodding of the State's first objection to the incomplete record and the court's with-

drawal of its order of approval, the court reporter prepared a statement of facts, omitting the entire testimony of one witness but including the entirety of all others. Appellant and his attorney had no reason to anticipate, prior to the clerk's second notice of completion of the record on September 11, 1981, that the testimony of one witness would not be included. Even if appellant's first attorney on appeal had observed the omission at that time, when the punishment hearing testimony was still missing, the discovery would have come some nineteen months after the statement of facts was ordered on February 12, 1980, and approximately sixteen months after the State's May 30, 1980, first objection to the record (for failure to include *any* statement of facts).

As stated in *Walker, supra,*

In assessing an appellant's diligence in obtaining a statement of facts, we view the circumstances in each case from the appellant's standpoint, consider what an ordinary prudent person would do in the same or similar circumstances, and resolve any reasonable doubt in favor of the appellant. *Timmons v. State,* 586 S.W.2d 509, 512 (Tex.Cr.App.1979)....

642 S.W.2d at 192. Applying the quoted standard, the record does not demonstrate that appellant could reasonably be expected to have done anything more either to expedite the preparation of the statement of facts during the initial nineteen-month delay period, or to insure its integrity and accuracy, and he cannot be blamed for a loss that may have occurred during that period. Accordingly, we do not reach a consideration of appellant's lack of diligence after the nineteen-month period in obtaining a statement of facts, even on the part of his first attorney, whom we ordered removed for failure to file a timely brief. Appellant's supplemental ground of error is granted.

Appellant's second ground of error, an attack upon the sufficiency of the evidence, focuses upon (1) the fact that the only evidence that appellant placed his finger in the complainant's vagina is her testi-

mony, and (2) the lack of evidence that appellant claimed to be acting in his capacity as a police officer when he did this act, if he did. Because the case is remanded for trial, we have examined this sufficiency of the evidence ground of error. We find it meritless. The complainant testified to the events described, and the jury was entitled to accept or reject any or all of the testimony of witnesses for either the State or the accused. *Ables v. State,* 519 S.W.2d 464 (Tex.Cr.App.1975). Further, it does not matter whether the victim knew the officer was acting outside the scope of his official duties. Section 39.02 of the Penal Code, which defines the offense of official oppression, states that

> a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.

The evidence is sufficient to warrant the jury's finding that appellant obviously exploited his position as a police officer in order to take sexual liberties with the complainant. Appellant's second ground of error is overruled.

The judgment is reversed and the cause is remanded.