**Billy Dwight CORLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 748–88.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 15, 1989.

Rehearing Denied Jan. 17, 1990.

John H. Hagler (on appeal only), Dallas, for appellant.

John Vance, Dist. Atty., Sharon Batjer, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant, Billy Dwight Corley, pled no contest to the charge of sexual abuse of a child and the trial court sentenced him to ten years' confinement. Pursuant to a plea bargain agreement, the sentence was probated for a ten year period. The trial court entered its judgment on September 16, 1977. Fifteen months after the judgment date, the State filed a motion to revoke probation; however, for reasons not explained in the record, the hearing to revoke

appellant's probation was not had until August 27, 1987. At the revocation hearing, the trial court found that appellant had not fulfilled the terms of probation. Thus the trial court revoked appellant's probation and assessed a sentence of ten years' confinement. Appellant appealed to the Dallas Court of Appeals.

In one point of error, appellant asserted that he was entitled to a transcription of the court reporter's notes from the original plea hearing that was held on September 16, 1977. These notes, however, had been destroyed. The appellate court assumed appellant was entitled to the statement of facts from the original plea hearing and held that because the notes from the hearing had been destroyed through no fault of appellant or his attorney, appellant was entitled to a new trial pursuant to Tex.R. App.P. 50(e). The Dallas Court of Appeals reversed the conviction in an unpublished opinion. The State sought discretionary review in this Court. We granted the State's petition to determine whether the Court of Appeals correctly reasoned that, on appeal from an order revoking proba-. tion, Rule 50(e) required that appellant be afforded a new trial in those instances where the statement of facts from the original plea hearing is no longer available. We will reverse the Court of Appeals.

Rule 50 of the Texas Rules of Appellate Procedure pertains to the "Record on Appeal." Rule 50(a) provides that "the record on appeal shall consist of a transcript and, when necessary to the appeal, a statement of facts." Rule 50(e) pertains to lost or destroyed records which have been timely requested for appellate purposes; it provides that:

"When the record or any part thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. *If the appellant has made a timely request for a statement of facts,* but the court reporters notes have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts." [Emphasis added.]

The Court of Appeals incorrectly assumed that appellant was appealing from the original plea hearing and thus incorrectly assumed that appellant had made a timely request for the statement of facts. The appeal in this case is from the order revoking probation—it is not from the original plea hearing. On September 16, 1977, the date upon which judgment was entered in the original plea hearing, appellant could have perfected an appeal. Act of June 18, 1965, Tex.Sess.Law Serv. ch. 722, p. 502 (Article 42.13(a), V.A.C.C.P.), *repealed by* Act of June 20, 1987 Tex.Sess.Law Serv. ch 939, sec. 24, p. 3144. Now see Article 42.12, Section 8(b), V.A.C.C.P.[1] On September 16, 1977, the applicable time limitation for giving notice of appeal was ten days after the sentence was pronounced in open court. Act of June 18, 1965, Tex. Sess.Law Serv. ch. 722, pp. 512–13 (Article 44.08, V.A.C.C.P.), *repealed by* Act of June 14, 1985, Tex.Sess.Law Serv. ch. 685, sec. 4, pp. 2474–75 (Texas Rules of Appellate Procedure). Now see Tex.R.App.P. 41(b)(1). Appellant did not give notice of appeal from the original plea hearing and now, ten years later, the time to appeal from that hearing has lapsed due to the ten day limitation.

Appellant may now appeal from the trial court's order revoking probation.[2] Article 42.12, Section 8(b), supra. And we readily

---

1. In applicable part, Article 42.12, Section 8(b), V.A.C.C.P., now reads:

   "The right of the probationer to appeal to the Court of Appeals for a review of the trial and conviction as provided by law shall be accorded the probationer at the time he is placed on probation. When he is notified that his probation is revoked for violation of the conditions of probation and he is called on to serve a sentence in jail or in an institution ... he may appeal the revocation."

2. An appeal from an order revoking probation is limited to the propriety of the revocation. *Hoskins v. State,* 425 S.W.2d 825, 828 (Tex.Cr. App.1968). In such appeals, this Court has allowed defendants the opportunity to raise errors made at the plea hearing but, as in all other

agree that Rule 50(a) requires that appellant be provided with a transcription of the court reporter's notes from the revocation hearing.[3] In this case, however, we cannot read Rule 50(e) so broadly as to allow appellant a new trial. To do so would be in clear conflict with Tex.Gov't Code, Section 52.046(a)(4), which provides for a court reporter to "preserve the notes for future reference for three years from the date on which they were taken." If we were to read Rule 50(e) as appellant wishes us to, each time a defendant's probation is revoked after a three year period, the defendant would automatically be entitled to a new trial even though the court reporter's notes have been properly destroyed. Clearly, Rule 50(e) cannot be so read. Thus, we hold that an attempt by appellant to designate the statement of facts from the original plea hearing to be a part of the record on appeal from the order revoking probation is untimely when made after the court reporter has properly destroyed her notes. Rule 50(e), which pertains to "a timely request for a statement of facts," is therefore not applicable.[4]

The Court of Appeals incorrectly assumed that appellant was entitled to a statement of facts from the original plea hearing had ten years prior to the revocation hearing and incorrectly interpreted Rule 50(e). Appellant is not entitled to a new trial. Accordingly, the opinion of the Court of Appeals is reversed and the trial court's judgment is affirmed.

CLINTON, J., dissents.

collateral attacks upon a judgment, the defendant is restricted to pleading and proving fundamental error that makes the judgment void. *Trayler v. State,* 561 S.W.2d 492, 494 (Tex.Cr. App.1978).

**3.** The present record on appeal contains the statement of facts from the revocation hearing.

**4.** We caution that the only issue before this Court is whether in this case Tex.R.App.P. 50(e) is to be read to allow appellant a new trial when the court reporter's notes have been properly destroyed. Issues regarding whether a defendant would be entitled to an existing statement of facts are not before us and therefore, questions concerning the constitutional ramifica-

TEAGUE, J., dissents with note: See and compare *David v. State,* 704 S.W.2d 766 (Tex.Cr.App.1985).

tions of failing to afford a defendant a statement of facts are also not before us. See, e.g., *Norvell v. Illinois,* 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963) (indigent defendant attempting to collaterally attack conviction not entitled to transcription of unavailable *court reporter's* notes where defendant was afforded counsel at his trial and could have but did not appeal); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (indigent defendant entitled to same protections afforded all other convicted defendants appealing their convictions, this includes a transcription of the court reporter's notes). See generally ANNOT., *Court Reporter's Death or Disability Prior to Transcribing Notes as Grounds for Reversal or New Trial,* 57 A.L.R.4th 1049, (1987).