Jose Francisco **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–90–0017–CR.

Court of Appeals of Texas, Amarillo.

Dec. 19, 1990.

Kay Davis, Amarillo, for appellant.

Danny Hill, Dist. Atty., Bruce P. Sadler, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Jose Francisco Martinez brings this appeal from a judgment finding him guilty of voluntary manslaughter after a deferred adjudication order had been set aside. In his first three points, appellant complains that, although he has exercised due diligence, he has been unable to obtain a statement of facts because the court reporter's notes have been lost through no fault of his own. As a result of this inability to obtain a statement of facts, he alleges he has been denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 10 and 19 of the Texas Constitution. In his fourth point, he asserts the trial court

erred in accepting his involuntary plea of guilty. We must reverse his conviction and remand this cause for new trial.

On April 10, 1984, appellant pled guilty to the offense of voluntary manslaughter. The trial court deferred the proceedings without entering an adjudication of guilt and placed appellant on probation for ten (10) years. On January 8, 1990, finding appellant had violated the conditions of probation, the trial court proceeded to an adjudication of guilt and assessed appellant's punishment at fifteen (15) years confinement in the Department of Corrections.[1]

Appellant is indigent, and after appointment of appellate counsel, on January 17, 1990, gave timely notice of appeal and designation of the record. In that designation, he requested a transcription of the statement of facts. Additionally, appellant made a specific request for a statement of facts from the court reporter who recorded the original plea hearing. On January 30, 1990, the reporter responded to that request with an affidavit stating, inter alia, "my notes cannot be located," and no statement of facts could be prepared.

■ It is well established that an accused has no right of appeal from an order deferring adjudication of guilt. *Ex parte Hernandez*, 705 S.W.2d 700, 702 (Tex.Crim. App.1986); *McDougal v. State*, 610 S.W.2d 509 (Tex.Crim.App.1981). However, it is equally well established that after the adjudication of guilt, which also cannot be appealed, an accused's right to appeal other proceedings continues as if the adjudication had not been deferred. *David v. State*, 704 S.W.2d 766, 767 (Tex.Crim.App. 1985); Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b) (Vernon Supp.1991). Parenthetically, in the *David* case, the Court held that the appellant did not lose his post adjudication of guilt right to appeal by failing to move for an adjudication of guilt within thirty (30) days of the order deferring adjudication; a move which would have allowed him to the appeal process at that earlier time.

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

■ Texas Rule of Appellate Procedure 50(e) provides that an appellant is entitled to a new trial if he has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault. The burden, however, is upon the appellant to show due diligence in requesting the statement of facts and that the failure to file or have the statement of facts timely filed is not in any way due to negligence, laches, or any other fault on the part of himself or his counsel. *Dunn v. State*, 733 S.W.2d 212, 215 (Tex.Crim. App.1987). However, any reasonable doubt is resolved in favor of the appellant. *Id.*

Pointing out that, beyond his inability to obtain a statement of facts, the thrust of appellant's appeal is that he did not sufficiently understand the English language to comprehend the nuances and effects of his guilty plea, the State suggests that we could abate this appeal and order the trial court to hold an evidentiary hearing concerning this matter.

In support of that position, the State cites such cases as *Pike v. State*, 772 S.W.2d 130 (Tex.Crim.App.1989). In the *Pike* case, the Court allowed the record to be supplemented by a transcription of a tape recorded statement which had been received in evidence in the trial court, the admission of which was a basis of a point on appeal. The transcription had not been included in the original record. The Court of Criminal Appeals held that the Court of Appeals erred in refusing to allow the supplementation since the transcription had been requested in the record designation. The tape in question was still in existence. Neither in *Pike* nor in any of the cases relied upon by the State, did the courts allow the creation of a new and substitute statement of facts where the original statement of facts or items previously introduced in evidence did not exist and could not be obtained.

Our conviction that the procedure suggested here by the State is not proper is strengthened by the express provision of Rule 50(e) that if "the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts."

In *Walker v. State*, 642 S.W.2d 189 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd), the court was also presented with a situation in which the court reporter's notes at trial could not be located. The trial judge in that case had attempted, according to his best recollection, to reconstruct, in question and answer form, the trial proceedings. In construing Texas Code of Criminal Procedure article 40.09 (repealed, effective Sept. 1, 1986), the predecessor of present Rule 50, the court held the power of the trial court to correct, modify or supplement the record, does not include the power to prepare and substitute a statement of facts without the agreement of the parties. *Id.* at 191. That interpretation would also be applicable to Rule 50 and our lack of power to remand this cause for the type of evidentiary hearing suggested by the State.

The problem in this case arises because of the dichotomy between Rule 50(e) and § 52.046 of the Texas Government Code Annotated (Vernon 1988).[2]

■ In *McLennan v. State*, 796 S.W.2d 324 (Tex.App.—San Antonio 1990, no pet.), the court was presented with facts markedly analogous to those present here and concluded that because of that appellant's similar inability to obtain a statement of facts, reversal was mandated regardless of whether the appellant had shown, or even

---

**2.** That statute provides in pertinent part:
    (a) On request, an official court reporter shall:

       *     *     *     *     *     *

    (4) preserve the notes for future reference for three years from the date on which they are taken....

alleged, any harm because of that inability. We agree with the holding in that case and find it applicable to this cause. Thus, we must conclude that, absent some exception, appellant's inability to obtain a statement of facts requires a reversal of this case.

The Court of Criminal Appeals has recently addressed the tension between Rule 50(e) and § 52.046 in *Corley v. State*, 782 S.W.2d 859 (Tex.Crim.App.1989). In that case, after a nolo contendere plea, the appellant was found guilty of sexual abuse of a child and placed on probation for ten (10) years. Probation was revoked shortly before the expiration of the ten year period. During the preparation for appeal of that revocation, it was discovered that the court reporter's notes covering the original hearing had been destroyed and no statement of facts could be prepared. The lower court reversed the trial court because of that inability. The *Corley* Court reversed the lower court by holding that an attempt by the appellant to designate the statement of facts from the original plea hearing was untimely when made after the court reporter had destroyed her notes as permitted by § 52.046. *Id.* at 861. En route to that decision, the Court reasoned, "If we were to read Rule 50(e) as appellant wishes us to, each time a defendant's probation is revoked after a three year period, the defendant would automatically be entitled to a new trial even though the court reporter's notes have been properly destroyed." *Id.*

■■■ However, the *Corley* case does not aid the State in this cause because it is distinguishable. There is a clear difference between an ordinary probation revocation and deferred adjudication of guilt. *See Ex parte Hernandez*, 705 S.W.2d at 702–03. In *Corley*, the appellant could have perfected his appeal on the date upon which the judgment in the original plea hearing was entered. *Corley v. State*, 782 S.W.2d at 860. In a deferred adjudication case, the defendant has a right to appeal the original plea hearing only after guilt has been adjudicated. *See David v. State*, 704 S.W.2d at 767; Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b) (Vernon Supp.1991). Thus, the *Cor-*

*ley* rule is not applicable in this case and we can only sustain appellant's first three points.

In doing so, as did our sister court in *McLennan*, we remind court reporters that even though the law may authorize the destruction of their notes after three years, in cases where their court has granted deferred adjudication, they should consider preserving their notes for the duration of the probationary period granted. Otherwise, the situation envisioned by the *Corley* Court will actually exist in cases of this type. We join our sister court in *McLennan* in urging the Court of Criminal Appeals and the legislature to consider the problem highlighted by this case and by their case. Because of the increased use by trial courts of deferred adjudication, this situation is apt to recur with more and more frequency.

In addition to the suggestions made by the *McLennan* court, we note the requirement implemented in Texas Rule of Appellate Procedure 11(d) which requires court reporters, in a case where no appeal is taken and in which a defendant is convicted and sentenced to a term of more than two years, to file their nontranscribed notes with the district clerk within twenty (20) days following the expiration of the time for perfecting appeal. To impose a similar requirement in deferred adjudication cases would seem to be one way of solving the problem presented in cases of this nature.

In summary, our review of this record requires us to conclude that appellant has demonstrated all legally required due diligence in attempting to obtain a statement of facts, and his failure to obtain such a statement is not through his or his attorney's chargeable fault. We must therefore sustain appellant's first three points. That sustention obviates the necessity for discussion of his fourth point. We must reverse the judgment of the trial court and remand this cause for new trial.