**James R. McLENNAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00139–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 3, 1990.

Discretionary Review Refused
Jan. 10, 1991.

Paul J. Goeke, San Antonio, for appellant.

Fred G. Rodriguez, Ben Sifuentes, and Laurie A. Booras, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and PEEPLES and CARR, JJ.

## ON APPELLEE'S MOTION FOR REHEARING

PEEPLES, Justice.

The state's motion for rehearing is denied. Our previous opinion is withdrawn and replaced by the following opinion.

Appellant appeals from a 1988 adjudication of guilt, which had been deferred in 1981, for violation of the Texas Securities Act. In his first point of error, he asserts that he is entitled to a new trial because a portion of the statement of facts relating to his original plea proceeding has been lost or destroyed through no fault of his own. He raises four other points of error concerning the voluntariness of his plea and the sufficiency of the evidence, but contends that they cannot be properly briefed in the absence of a complete statement of facts. We reverse and remand.

In May 1981, appellant was indicted for violation of the Texas Securities Act. In July 1981 he pleaded nolo contendere, pursuant to a plea bargain. The trial court deferred adjudication of guilt and placed appellant on probation for five years. In January 1982, a second order of deferred adjudication was entered, which extended the probationary period to six years, four months, and set a schedule of monthly restitution payments. In December 1987 the state filed a motion to enter an adjudication of guilt and to revoke probation. A hearing was held on that motion in February 1988. At this time the trial court proceeded to adjudicate appellant guilty and sentenced him to seven years' confinement. That sentence was later probated. Appellant filed a timely notice of appeal, and on March 11, 1988 filed a designation of record. The appellate record does not include a statement of facts from the original 1981 plea proceeding, but it does contain

affidavits from the court reporter stating that she had searched for her notes, that they could not be found, and that it was her belief that they had "long since been destroyed."

■ At the outset the state questions whether we have jurisdiction to hear this appeal from the original plea proceeding in 1981. We hold that we do. The Court of Criminal Appeals has clearly held that the defendant may appeal *from the original plea proceeding* after the state has moved for adjudication of guilt many years later. *David v. State*, 704 S.W.2d 766, 767 (Tex. Crim.App.1985). *See* TEX.CODE CRIM. PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1990) ("after an adjudication of guilt, all proceedings, including ... defendant's appeal continue as if the adjudication of guilt had not been deferred").

■ The state also contends that we have no jurisdiction to hear this appeal because deferred adjudication was granted pursuant to a plea bargain and the punishment given did not exceed the prosecutor's recommendation. Thus, the state argues, the appeal is barred by TEX.R.APP.P. 40(b)(1), which limits defendant's right of appeal in plea bargain cases to matters raised by written pretrial motions and matters concerning which the trial court has granted permission to appeal. But rule 40(b)(1) does not apply to pleas entered pursuant to a plea bargain when the defendant is granted deferred adjudication. *See Ex parte Hernandez*, 705 S.W.2d 700, 702–703 (Tex.Crim.App.1986) (decided prior to adoption of rule 40(b)(1) but construing almost identical provisions in former TEX. CODE CRIM.PROC.ANN. art. 44.02). *Hernandez* stated that article 44.02 barred appeal by a defendant who had been *convicted* when the court *assessed punishment* that did not exceed the prosecutor's recommendation. 705 S.W.2d at 703. But in a case of deferred adjudication, said the court, there is no conviction or assessment of punishment until the adjudication hearing.

Since an order conforming with plea bargain for deferred adjudication is not an appealable order and does not assess punishment within meaning of Article 37.07, § 3(a) and (d), and within contemplation of Article 44.02, it follows that a defendant is not precluded from prosecuting an appeal after adjudication of guilt, judgment and sentencing merely because he initially bargained for deferred adjudication and was admonished according to Article 26.13(a)(3).

*Id.* This interpretation of TEX.CODE CRIM.PROC.ANN. art. 44.02, in the context of deferred adjudication, is equally applicable to the similar language of TEX. R.APP.P. 40(b)(1). We hold that TEX.R. APP.P. 40(b)(1) does not preclude appellant's appeal of his original plea proceeding.

■ Having determined that we have jurisdiction to hear this appeal, and that rule 40(b)(1) does not bar it, we now consider whether appellant's inability to obtain the 1981 statement of facts entitles him to a new trial. If an appellant, through no fault of his own or his counsel, is deprived of part of the statement of facts which he has timely requested, an appellate court cannot affirm his conviction. *Dunn v. State*, 733 S.W.2d 212, 214 (Tex.Crim.App. 1987); *Austell v. State*, 638 S.W.2d 888, 890 (Tex.Crim.App.1982); *Gamble v. State*, 590 S.W.2d 507, 508 (Tex.Crim.App.1979); *see also* TEX.R.APP.P. 50(e). The burden is on appellant to show due diligence in requesting the statement of facts and to show that his failure to file the omitted portion was not due to negligence, laches, or other fault of him or his counsel. *Dunn*, 733 S.W.2d at 215; *Gamble*, 590 S.W.2d at 508.

■ Appellant timely filed his notice of appeal on February 26, 1988. On March 11, 1988, he filed a designation of appellate record requesting various transcriptions from his original plea in 1981 as well as the 1988 hearing on the motion to revoke probation and enter adjudication of guilt. The state asserts that this designation of record did not adequately reflect a request for a transcript of the court reporter's notes of the original plea proceeding. While appellant's designation could have been more clearly worded, the court reporters under-

stood it to request the original plea proceeding. Our record contains two affidavits by the court reporters involved. The affidavit of the current court reporter for the 144th District Court states that she received the designation of record on or about March 14, 1988 and that she noted that it included a request for the statement of facts from the original plea proceeding. She informed appellant's counsel that he would have to contact the prior court reporter who had actually recorded that proceeding. The affidavit of the previous court reporter states that she was contacted by appellant's attorney on or about March 15, 1988 and that he requested the statement of facts from the original plea proceeding. At his request, she conducted a thorough search for this record, and being unable to find her notes, confirmed that the records from that time period "had long since been destroyed." We conclude that appellant's designation of record on appeal was sufficient, that he has demonstrated due diligence in attempting to obtain the record, and that its omission is not his fault or his counsel's. This omission mandates reversal of the conviction, irrespective of whether appellant has shown, or even alleged, any harm thereby.[1] *Dunn,* 733 S.W.2d at 216; *Gamble,* 590 S.W.2d at 509.

Having held that the authorities discussed above require reversal, we take this opportunity to express our distaste for the result produced by the combination of the authorities allowing belated appeal of the original deferred adjudication plea proceeding and those requiring reversal for lack of a statement of facts.

When a defendant pleads guilty or no contest and receives deferred adjudication, he declines to contest the state's case against him, and the trial court finds sufficient evidence of his guilt. Yet because court reporters are told by statute that they must preserve their notes for only three years,[2] there is a good chance that if the defendant violates the probation terms during the remainder of the probationary period, he will be automatically entitled to a new trial when the state moves for adjudication of guilt. Having received the greatest leniency our criminal system affords, and after successfully serving only part of the deferred period, the defendant may no longer face any sanction for violating the conditions of his probation. The state must maintain its case in perfect readiness for up to ten years, because the defendant may receive a new trial any time he fails to live up to the conditions to which he agreed at the time of his plea.

The problem demonstrated by this appeal is bound to recur and to cause retrials of events many years after their occurrence, unless the state dismisses the proceedings. We cannot defend that result on policy grounds, and we think it defies common sense. But we believe that it is mandated by the holdings of the court of criminal appeals interpreting the Code of Criminal Procedure.

We note that the court of criminal appeals has recently addressed the conflict between section 52.046(a)(4) of the Government Code and TEX.R.APP.P. 50(e) in the context of a probation revocation. *See Corley v. State,* 782 S.W.2d 859 (Tex.Crim. App.1989). In *Corley,* the court stated, "If we were to read Rule 50(e) as appellant wishes us to, each time a defendant's probation is revoked after a three year period, the defendant would automatically be enti-

---

1. The United States Supreme Court has held that a defendant seeking a new trial because a portion of his record is missing must make out "a colorable need for the complete transcript," and that even after he does so the State may prove that an alternative would suffice. *Mayer v. Chicago,* 404 U.S. 189, 195, 92 S.Ct. 410, 415, 30 L.Ed.2d 372, 378–79 (1971). The Court of Criminal Appeals, however, has said that Texas statutory procedure does not require such an allegation of harm. *Cartwright v. State,* 527 S.W.2d 535, 539 n. 8 (Tex.Crim.App.1975).

2. Section 52.046 of the government code states the duties and powers of court reporters. That statute provides in pertinent part as follows:

> § 52.046. **General Powers and Duties**
> (a) On request, an official court reporter shall:
>
> .    .    .    .    .
>
> (4) preserve the notes for future reference for three years from the date on which they were taken....

TEX.GOV'T CODE § 52.046 (Vernon 1988).

tled to a new trial even though the court reporter's notes have been properly destroyed." *Id.* at 861. The court avoided that result by holding that an attempt to designate the statement of facts from the original plea proceeding as part of the record on appeal from the order revoking probation is untimely when made after the court reporter has properly destroyed her notes. *Id.*

But *Corley* does not resolve the issue in the present case because of the distinction between probation revocation and deferred adjudication of guilt as set forth in *Ex Parte Hernandez*, 705 S.W.2d at 702–703. In *Corley*, appellant had the right and the opportunity to appeal the original plea proceeding·from the outset; he did not have to wait until the state brought a motion to revoke. After his probation was revoked, he appealed from the revocation itself, not from the original plea hearing. But in the present deferred adjudication case, appellant clearly has the right to appeal from the original plea proceeding only after an adjudication of guilt has been entered. *See David v. State,* ·704 S.W.2d at 767; TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1990) [formerly article 42.12,

§ 3d(b) ].[3] Because of this distinction, we cannot say that *Corley* applies to the present case.

We can only remind court reporters that, even though the law *authorizes* them to destroy their notes after three years, nothing *requires* them to do so. Accordingly, when the court grants deferred adjudication they should consider preserving their notes for ten years, or at least for the duration of the probation granted. We recognize that in light of cases such as this, trial courts may grant deferred adjudication less often, and one could hardly blame them. Perhaps the situation should be addressed by the legislature or the court of criminal appeals.[4]

For the reasons stated above, the judgment is reversed and the cause is remanded for a new trial.

---

**3.** Article 42.12, § 5(b) provides in pertinent part as follows:

> After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, *and defendant's appeal* continue as if the adjudication of guilt had not been deferred. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(b) (Vernon Supp.1990) (emphasis added).

**4.** The legislature, for example, could amend article 42.12, § 5(b) of the Code of Criminal Procedure to place time limits on the defendant's right to attack the original plea proceeding even though guilt has not been adjudicated. In addition, the statute (and TEX.R.APP.P. 50(e)) could be amended to disallow such attacks when counsel cannot obtain a statement of facts concerning the original plea proceeding because the court reporter's notes have been destroyed pursuant to TEX.GOV'T CODE ANN. § 52.046(a)(4).

In the absence of statutory change, the court of criminal appeals could require proof that the lack of a statement of facts caused the defendant harm before a case could be reversed. This would require a modification of the rule that "the omission of a portion of the statement of facts from the record on appeal mandates reversal irrespective of whether the accused shows, *or even alleges,* that he suffered harm thereby." *See Dunn v. State,* 733 S.W.2d at 216 (emphasis in original). That rule has been codified in TEX.R.APP.P. 50(e). While the rule makes sense in appeals of ordinary trials on the merits, it should be rethought in deferred adjudication cases.

In addition, the court of criminal appeals could amend TEX.R.APP.P. 40(b)(1) to require appeals of deferred adjudication at the same time and on the same terms as appeals of guilty pleas resulting in ordinary probation.