**Brian Edward CULTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00605–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 3, 1991.

Rehearing Denied Nov. 14, 1991.

Linda G. Cryer, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Alan Curry, Randy Ayers, Asst. Harris County Dist. Attys., for appellee.

**840**

Before SAM BASS, WILSON, and O'CONNOR, JJ., concur.

OPINION

WILSON, Justice.

Appellant appeals from a 1990 adjudication of guilt that was deferred in 1987 by the judge of the 176th District Court of Harris County. In its 1990 judgment, the trial court, then the 248th District Court of Harris County, found appellant guilty of the original charge of aggravated sexual assault, and sentenced him to 12 years confinement. We reverse and remand for a new trial.

Appellant's only point of error asserts that he is entitled to a reversal and a new trial because the statement of facts from the 1987 proceeding, in which he pled no contest, has been lost or destroyed through no fault of his own.

On February 23, 1987, appellant pled no contest in the 176th District Court to aggravated sexual assault. The transcript contains a "guilty" plea form signed by appellant and his attorney. In this form, appellant waived certain of his constitutional rights, in that he agreed to stipulate to the evidence against him and he judicially confessed to the allegations in the indictment. The "guilty" plea form also contains an agreed recommendation on punishment of 10 years deferred adjudication. The trial court deferred adjudication of guilt and placed appellant on probation for 10 years.

On April 3, 1990, over three years and one month after the plea, the State filed in the 176th District Court a motion to adjudicate guilt alleging that appellant violated several probation conditions. On June 6, 1990, an order transferring the pending cause to the 248th District Court was signed. A contested hearing was held on the State's motion on July 10, 1990, in the 248th District Court. Following the hearing, the judge of the 248th District Court adjudicated appellant guilty of aggravated sexual assault and sentenced him to 12 years confinement.

On July 10, 1990, appellant timely filed a notice of appeal. Also on July 10, 1990, and directly relevant to our holding, the trial judge by signed order appointed counsel to represent appellant on appeal, and further, "ORDERED that the Court Reporter of *this Court* (our emphasis) prepare a statement of facts in question and answer form of the testimony in said cause...." There is no limitation in the language of the order that could be fairly read to encompass only the work of the particular court reporter notified.

On July 19, 1990, appellant filed a designation of record on appeal in the 248th District Court. That record, now before us, contains documents originally generated in the 176th District Court during the prior proceeding.

On July 13, 1990, appellant, in writing, requested the court reporter of the 248th District Court to transcribe a statement of facts of the proceedings "occurring before, during and after trial." The statement of facts from the 1990 hearing in the 248th District Court on the State's motion to adjudicate guilt is part of the record on appeal, while the statement of facts from the 1987 plea proceeding in the 176th District Court is not.

Appellant has attached to his brief an affidavit from the former court reporter of the 176th District Court. In this affidavit, the court reporter states that she was the official court reporter for the 176th District Court when appellant pled "guilty" in 1987. She also states, "written notice to prepare the Statement of Facts was not received although Court Reporter was contacted by phone on October 26, 1990," before the statement of facts from the 1987 "guilty" plea proceeding was due. The former court reporter for the 176th District Court also documented the many steps taken in the search. She stated that she could not find her notes from the 1987 guilty plea proceeding, that she had been diligent in searching for them, and that a statement of facts from the proceeding would therefore be unavailable.

■ Appellant argues entitlement to a reversal and a new trial because he is unable, through no fault of his own, to obtain a statement of facts from the 1987 plea proceeding. The issue is whether appellant

has carried his burden of showing due diligence in obtaining the statement of facts from the 1987 plea proceeding. More specifically, did the Court's order to the court reporter of the 248th impose a duty on that reporter to alert appellant to the missing portions and/or to gather portions of the statement of facts taken by another court reporter in a prior proceeding and in a different court.

■ Under TEX.R.APP.P. 50(e), if an appellant timely requests a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial, irrespective of a showing of harm. *Dunn v. State,* 733 S.W.2d 212, 215 (Tex.Crim.App.1987). The burden lies with appellant to show due diligence in requesting the statement of facts, and that his failure to obtain the statement of facts was not due to negligence, laches, or other fault of him or his counsel. *Id.*

■ We note that a portion of the missing record in *Dunn* was the failure of a second court reporter, not identified, to provide the statement of facts that he recorded from the punishment phase of trial. 733 S.W.2d at 215. The ultimate reversal of the death penalty conviction in *Dunn* was due in part to this deficiency in the record. *Id.* at 216. The court placed no requirement to preserve error that the appellant remember the name, locate, and notify the second court reporter. Although in *Dunn,* both reporters operated from the same court, we see no particular reason, given the judge's specific order in this case, to make a distinction based on the differences of courts, and require appellant to notify each and every court reporter taking testimony throughout a proceeding that took years to complete. We hold that the judge's order in this case placed a duty on the official court reporter of the convicting court at least to organize the preparation of the record. We hold further that, in light of the judge's order, timely notice to the official court reporter of the 248th was timely notice to all court reporters taking testimony under the same cause.

Relying on *Corley v. State,* 782 S.W.2d 859 (Tex.Crim.App.1989), the State argues that appellant is not entitled to a reversal because his designation of the record on appeal, to include the hearing on his guilty plea, was not timely filed. However, *Corley* is distinguishable, and does not apply to this case.

In *Corley,* after pleading nolo contendere, defendant was convicted and sentenced. 782 S.W.2d at 859. Defendant's sentence was probated for 10 years. *Id.* Corley's probation was revoked shortly before the ten year period expired. *Id.* In his appeal from the trial court's order revoking probation, Corley claimed he was entitled to a statement of facts, that was unavailable, from the original plea hearing. *Id.* at 860. The Dallas Court of Appeals agreed and reversed his conviction. *Id.*

In reversing the Dallas Court of Appeals, the Texas Court of Criminal Appeals stated that, in his appeal from the trial court's order revoking probation, Corley's inability to obtain the statement of facts from the original plea hearing did not require a reversal because he had the right to appeal the original plea proceeding from the outset. 782 S.W.2d at 860. The Court of Criminal Appeals also stated that granting defendant a new trial under TEX.R.APP.P. 50(e) would be in clear conflict with TEX. GOV'T CODE ANN. § 52.046(a)(4) (Vernon 1988), which requires court reporters to preserve their notes for future reference for three years from the date they were taken. *Corley,* 782 S.W.2d at 861. The Court of Criminal Appeals held that Corley's attempt to designate the statement of facts from the original plea hearing to be a part of the record on appeal from the order revoking probation was untimely when made after the court reporter had properly destroyed her notes. *Id.* Because Corley had a right to appeal the original plea proceeding from the outset, his attempt to obtain the statement of facts from that hearing almost 10 years later in his appeal from the order revoking his probation was untimely, and TEX.R.APP.P. 50(e) did not require a reversal.

The case of *Corley* illustrates the distinction between probation revocation, as in *Corley,* and deferred adjudication of guilt, as is the situation here. When appellant

pled no contest on February 23, 1987, he had no right of immediate appeal from an order deferring adjudication of guilt. *See Ex parte Hernandez*, 705 S.W.2d 700, 702 (Tex.Crim.App.1986); *McDougal v. State*, 610 S.W.2d 509 (Tex.Crim.App.1981). In a deferred adjudication case, such as this one, an appellant has a right to appeal from the original plea proceeding only after an adjudication of guilt has been entered. *See David v. State*, 704 S.W.2d 766, 767 (Tex. Crim.App.1985); TEX.CODE CRIM.P.ANN. art. 42.12, § 5(b) (Vernon Supp.1991).[1] Therefore, *Corley* does not apply to this case.

The State acknowledges two cases contrary to its position, *Martinez v. State*, 802 S.W.2d 105 (Tex.App.—Amarillo 1990, no pet.), and *McLennan v. State*, 796 S.W.2d 324 (Tex.App.—San Antonio 1990, pet. ref'd) (op. on reh'g).[2] These cases, like the present case, are deferred adjudication cases where an adjudication of guilt was later entered upon an earlier guilty or nolo contendere plea. *Martinez*, 802 S.W.2d at 106; *McLennan*, 796 S.W.2d at 325. In both of these cases, the appellants made a timely, written request to the court reporters, who recorded the original plea proceedings, for the statement of facts from the original plea proceedings. *Martinez*, 802 S.W.2d at 106; *McLennan*, 796 S.W.2d at 325–26. The convictions were reversed because the appellants carried their burden of showing an inability to obtain the statement of facts from the original plea proceedings through no fault of their own. *Martinez*, 802 S.W.2d at 108; *McLennan*, 796 S.W.2d at 326–27.

We find *Martinez* and *McLennan* control the result in this case despite the factual distinctions that exist relative to whom notice was given. The affidavit, attached as an exhibit to appellant's brief, from the former court reporter of the 176th District Court has not been properly made a part of the record on appeal, and is, therefore, not before this Court. *See* TEX.R.APP.P. 50(a), 55(b). Contrary to the facts in *Martinez*

and *McLennan*, the record before this Court shows that appellant made no request to the court reporter of the 176th District Court, timely or otherwise, for the statement of facts from the 1987 plea proceeding. However, because the entire record of the case was transferred to the 248th from the 176th, and given the judge's specific, unlimited order, we find timely notice to the official court reporter of the 248th District Court was adequate as timely notice to the court reporter of the 176th District Court. Under these circumstances, appellant is entitled to a reversal because of his inability to obtain the statement of facts. TEX.R.APP.P. 50(e).

As ultimately controlling to our holding, we note the decision of this Court in *Emerson v. State*, 664 S.W.2d 787 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). In reversing a conviction for failure to provide a complete record, we stated that (1) the law is settled that the trial court has the duty to provide an indigent defendant with an adequate record for appeal, and (2) circumstances in such cases are to be viewed from the appellant's standpoint, and any reasonable doubt is to be resolved in his favor. *Id.* at 789 (citing *Timmons v. State*, 586 S.W.2d 509, 512 (Tex.Crim.App.1979)).

We agree with the dissent that no applicable appellate rule or statute imposes a duty on the court reporter of the 248th District Court to gather an adequate record. The duty is on the trial court as noted in *Emerson*, and in this case, the judge delegated to the court reporter that duty in the broad language of his order.

It is fundamental that appellant is not required to demonstrate harm from the missing record. The Court of Criminal Appeals in *Dunn* stated, "we have long held that the omission of a portion of the statement of facts from the record on appeal mandates reversal irrespective of whether the accused shows, or even alleges, that he

---

1. In *Kite v. State*, 788 S.W.2d 403, 404–05 n. 1 (Tex.App.—Houston [1st Dist.] 1990 no pet.), this Court held that the law changed, effective November 3, 1987, to give a defendant the right to appeal immediately from an order of deferred adjudication. See TEX.CODE CRIM.PROC.ANN. art. 44.01(j).

2. We join the critique of the law, and the desire for reform, as expressed by our sister courts in the *Martinez* and *McLennan* decisions.

suffered harm thereby." 733 S.W.2d at 216.

Appellant's sole point of error is sustained, the conviction is reversed, and the cause is remanded for a new trial.

SAM BASS, J., dissenting.

SAM BASS, Justice, dissenting.

I respectfully dissent for the following reasons.

On February 23, 1987, appellant pled no contest in the 176th District Court to aggravated sexual assault. The transcript contains a "guilty" plea form signed by appellant and his attorney. In this form, appellant waived certain of his constitutional rights, in that he agreed to stipulate to the evidence against him, and he judicially confessed to the allegations in the indictment. The "guilty" plea form also contains an agreed recommendation on punishment of 10 years deferred adjudication. The trial court deferred adjudication of guilt and placed appellant on probation for 10 years. The hearing on the State's motion to adjudicate guilt occurred in the 248th District Court after the cause had been transferred to that court.

Appellant argues he is entitled to a reversal and a new trial because he is unable, through no fault of his own, to obtain a statement of facts from the 1987 plea proceeding.

Under TEX.R.APP.P. 50(e), if an appellant timely requests a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial irrespective of a showing of harm. *See also Dunn v. State,* 733 S.W.2d 212, 215 (Tex.Crim.App.1987). The burden lies with appellant to show due diligence in requesting the statement of facts and that his failure to obtain the statement of facts was not due to negligence, laches, or other fault of him or his counsel. *Id.*

The issue is whether appellant has carried his burden of showing due diligence in obtaining the statement of facts from the 1987 plea proceeding. *See Dunn,* 733 S.W.2d at 215.

The majority opinion holds that the 248th District Court's order, appointing appellate counsel for appellant and ordering the court reporter of the 248th District Court to prepare a statement of facts, placed a duty on the court reporter of the 248th at least to organize the preparation of the record, and that, in light of the judge's order, timely notice to the official court reporter was timely notice to all court reporters taking testimony under the same cause. The majority opinion holds that appellant is entitled to a new trial by the court reporter's failure to fulfill this duty.

However, I have found nothing in either the appellate rules or the statutes that would impose such a duty on the court reporter of the 248th. Instead, the rules place the burden of presenting a statement of facts showing error requiring reversal on appellant. TEX.R.APP.P. 50(d), 53(a). When an appellant has properly requested the statement of facts, and it is unavailable through no fault of his own, then he is entitled to a new trial under TEX.R.APP.P. 50(e).

I would hold that appellant had the burden of making a proper request to the former court reporter of the 176th District Court for the statement of facts from his 1987 plea proceeding before he can complain about the missing statement of facts on appeal. TEX.R.APP.P. 53(a) (places the burden on appellant to make a written request to the official court reporter designating the portion of the evidence and other proceedings).

In this case, the trial court's judgment adjudicating guilt was signed on July 10, 1990. Because appellant did not file a motion for new trial, the last day he could have timely perfected his appeal and timely requested a statement of facts from the original plea proceeding was August 9, 1990. TEX.R.APP.P. 41(b)(1), 53(a). Thus, assuming the affidavit of the former court reporter of the 176th is properly before this Court, the record would reflect that appellant did not request the former court reporter of the 176th to prepare a statement of facts from the 1987 plea proceeding until over two months after the last day he could

have timely requested it. Because he did not timely request the statement of facts, he has not carried his burden of showing due diligence in obtaining it, and, as a result, he is not entitled to a new trial. *Dunn,* 733 S.W.2d at 215; TEX.R.APP.P. 50(e).

In its brief, the State cites, as contrary authority to its position on appeal, the cases of *Martinez v. State,* 802 S.W.2d 105 (Tex.App.—Amarillo 1990, no pet.), and *McLennan v. State,* 796 S.W.2d 324 (Tex. App.—San Antonio 1990, pet. ref'd) (op. on reh'g). These cases, like the present case, are deferred adjudication cases where an adjudication of guilt was later entered upon an earlier guilty or nolo contendere plea. *Martinez,* 802 S.W.2d at 106; *McLennan,* 796 S.W.2d at 325. In both of these cases, the appellants made a timely, written request to the court reporters, who recorded the original plea proceedings, for the statement of facts from the original plea proceedings. *Martinez,* 802 S.W.2d at 106; *McLennan,* 796 S.W.2d at 325–26. The convictions were reversed because the appellants carried their burden of showing an inability to obtain the statement of facts from the original plea proceedings through no fault of their own. *Martinez,* 802 S.W.2d at 106; *McLennan,* 796 S.W.2d at 326–27.

The majority opinion says that *Martinez* and *McLennan* control the result in this case despite the factual distinctions that exist. However, I would hold that the factual differences between those cases and this case would compel a different result than that reached by the majority. In *Martinez* and *McLennan,* the appellants carried their burden of showing due diligence in obtaining the statement of facts; in this case, appellant has not.

In addition, the affidavit, attached as an exhibit to appellant's brief, from the former court reporter of the 176th District Court has not been properly made a part of the record on appeal, and is, therefore, not before this Court. *See* TEX.R.APP.P. 50(a), 55(b). The record before this Court shows that appellant made no request to the court reporter of the 176th District Court for the statement of facts from the 1987 plea pro-

ceeding. This is another reason appellant is not entitled to a new trial.

Additionally, the record reflects that appellant pled guilty; the transcript shows a guilty plea form signed by appellant and his attorney; appellant waived his constitutional rights, stipulated to the evidence against him, and judicially confessed to the allegations in the indictment.

Under these circumstances, a statement of facts from the guilty plea proceeding is completely unnecessary for this appeal since appellant raises no points of error regarding ineffectiveness of counsel, the validity of his plea, or the sufficiency of the evidence.

On the record before this Court, appellant has not carried his burden of showing due diligence in obtaining the statement of facts from the 1987 plea proceeding, and that his inability to obtain the statement of facts was through no fault of his own. *Dunn,* 733 S.W.2d at 215. Therefore, appellant is not entitled to a reversal under TEX.R.APP.P. 50(e).

For the foregoing reasons, I would affirm the conviction.