Brian Edward **CULTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 115–92.

Court of Criminal Appeals of Texas, En Banc.

March 31, 1993.

Rehearing Denied May 5, 1993.

Linda G. Cryer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alan Curry and Randy Ayers, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

On February 23, 1987, appellant pled no contest to aggravated sexual assault in the 176th District Court of Harris County. Appellant received deferred adjudication in return for his plea of no contest. On April 3, 1990, the State filed a motion to adjudicate guilt in the 176th District Court. The case was subsequently transferred to the 248th District Court of Harris County. On July 10, 1990, appellant was adjudicated guilty and sentenced to imprisonment for twelve years.

Appellant appealed the conviction for aggravated sexual assault. The court of appeals reversed the 1987 conviction and remanded for a new trial because the statement of facts from the 1987 plea proceeding, in which appellant pled no contest, was not part of the record on appeal. *Culton v. State*, 818 S.W.2d 839 (Tex.App.—Houston [1st Dist.] 1991). We granted the State's petition for discretionary review to determine whether appellant had met his evidentiary burden under Texas Rule of Appellate Procedure 50(d) and 50(e).[1]

On July 10, 1990, appellant timely filed a notice of appeal of the conviction for aggravated sexual assault. The notice of appeal was filed in the 248th District Court, and the trial judge ordered the court reporter of the 248th District Court to "prepare a statement of facts in question and answer form of the testimony in said cause." Although the underlying conviction was in the 176th District Court, appellant designated the record on appeal and made a written request for a statement of facts to the court reporter of the 248th District Court. This request for a statement of facts was made, in writing, on July 13, 1990.

The statement of facts from the 1987 plea proceeding in the 176th District Court was omitted from the record filed by the court reporter of the 248th District Court. Based upon evidence not properly part of the record on appeal, it appears that the notes and records from the 1987 plea proceeding are lost.

Appellant's only point of error presented to the court of appeals asserted that he was entitled to a reversal of his 1987 conviction and a new trial because the statement of facts from the 1987 plea proceeding was lost or destroyed through no fault of his own. The court of appeals reversed the conviction and remanded for a new trial. The court of appeals held, "in light of the [248th District Court] judge's order, timely notice to the official court reporter of the 248th was timely notice to all court reporters taking testimony under the same cause." *Culton v. State*, 818 S.W.2d 839, 841 (Tex.App.—Houston [1st Dist.] 1991).

■ In order to prevail under Rule 50(e),[2] an appellant must show (1) that he made a timely request for a statement of facts and (2) that the court reporter's notes and records have been lost or destroyed without appellant's fault. Under Rule 53(a), a "timely request" is a request made in writing to the official court reporter on or at the time prescribed for perfecting the appeal.[3]

■ In addition to the explicit requirements of Rule 50(e), this Court has required appellants to show due diligence in attempting to secure a complete statement of facts. See *Dunn v. State*, 733 S.W.2d 212, 215 (Tex.Cr.App.1987). At the time *Dunn* was decided, Article 40.09 V.A.C.C.P. was still in effect, but the principles discussed in *Dunn* apply to analyses under Rule 50(e). See *Gibbs v. State*, 819 S.W.2d 821, 828 (Tex.Cr.App.1991).

---

1. Rule 50 states in relevant part:

   (d) The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal.

   (e) When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

2. Unless indicated otherwise, all references in this opinion to "Rule(s)" refers to the Texas Rules of Appellate Procedure.

3. Rule 53(a) states:

   The appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the official court reporter designating the portion of the evidence and other proceedings to be included therein. A copy of such request shall be filed with the clerk of the trial court and another copy served on the appellee. Failure to timely request the statement of facts under this paragraph shall not prevent the filing of a statement of facts or a supplemental statement of facts within the time prescribed by Rule 54(a).

In the instant case, the court of appeals found that timely notice to the official court reporter of the 248th District Court served as adequate notice to the official court reporter of the 176th District Court, and that under these particular circumstances, appellant was entitled to reversal because of his inability to obtain the 1987 statement of facts. *Culton v. State*, 818 S.W.2d 839, 842 (Tex.App.—Houston [1st Dist.] 1991).

When a trial judge orders his court reporter to prepare the entire record on appeal, a timely request to that court reporter is sufficient to comply with the timely request requirement mandated by Rule 50(e). In this respect, we agree with the court of appeals. On July 10, 1990, the 248th District Court adjudicated guilt and imposed a sentence of imprisonment for twelve years. On July 13, 1990, appellant made a written request to the court reporter of the 248th District Court for a statement of facts. Under Rule 41(b)(1) appellant had thirty days to perfect his appeal. Since he made a written request to the court reporter within that thirty day period, appellant made the timely request contemplated by Rule 50(e).[4]

The trial court's order in conjunction with appellant's written request for a statement of facts was sufficient to inform the court reporter of the 248th District Court to prepare a statement of facts. However, once appellant learned that the 1987 plea proceeding occurred in a different court, appellant had the burden to obtain or to show he had attempted to obtain a sufficient record to support his contentions. Doing nothing, once appellant is aware or should be aware of the involvement of a different court, does not meet the requirements for presenting a suffi-

cient record under Rule 50(d) or showing due diligence under *Dunn*. Once counsel determines that the record submitted to the court of appeals is incomplete, the proper procedure is to (a) obtain the missing portion of the record and file a motion to supplement the record, or (b) obtain an affidavit from the court reporter explaining the absence of the missing portion of the record and file a motion to supplement the record supported by affidavit(s), thereby demonstrating due diligence. See Tex. R.App.Proc. 55.

In two cases relied upon by the court of appeals, *Martinez v. State*, 802 S.W.2d 105 (Tex.App.—Amarillo 1990, no pet.) and *McLennan v. State*, 796 S.W.2d 324 (Tex.App.—San Antonio 1990, pet. ref'd), the defendants demonstrated due diligence in obtaining a statement of facts by designating the record properly and by contacting the particular court reporters involved. The records presented to the courts of appeals in those cases included affidavits from the court reporters explaining the absence of a portion of the record and showing diligence in requesting the missing portions. In the instant case, we find nothing properly in the appellate record (1) showing that the court reporter of the 176th District Court was contacted or (2) explaining that the statement of facts is missing because the notes and records were lost or destroyed through no fault of appellant.[5]

Appellant failed to show the exercise of due diligence in attempting to obtain the missing portion of the record. Accordingly, the judgment of the court of appeals is reversed, and the judgment of the trial court is affirmed.

CLINTON and MALONEY, JJ., dissent.

---

4. Rule 41(b)(1) states:
   Appeal is perfected when notice of appeal is filed within thirty (fifteen by the state) days *after the day the sentence is imposed or sus*pended in open court or the day an appealable order is signed by the trial judge; except, if a motion for a new trial is timely filed, *notice of appeal shall be filed within ninety* days after the sentence is imposed or suspended in open court.

5. An affidavit from the former court reporter of the 176th district court was attached to Appellant's brief in the court of appeals. However, as the court of appeals recognized, this affidavit has not been properly made a part of the record on appeal, and was, therefore, not before that court, nor is it properly before this Court. See Tex.R.App.Proc. 50(a) and 55(b). *Culton v. State*, 818 S.W.2d 839, 842 (Tex.App.—Houston [1st Dist.] 1991).

MILLER, Judge, dissenting.

On direct appeal in this cause, appellant raised only one point of error contending he was entitled to a reversal of his conviction and a new trial because the statement of facts from the no contest plea hearing had been destroyed or lost through no fault of his own. The court of appeals reversed appellant's conviction, pursuant to Tex. R.App.Proc. 50(e), because of his inability, under the circumstances of this case[1], to obtain the statement of facts. *Culton v. State*, 818 S.W.2d 839, 842 (Tex.App.— Houston [1st Dist.] 1991). We granted the State's petition for discretionary review to determine whether the court of appeals erred in holding that appellant did not have the burden of contacting, in writing, the court reporter of the 176th District Court for purposes of preparing a portion of the appellate record.

After further review of the this cause, it is my belief that the State's petition was improvidently granted as I agree with the court of appeals' opinion. *See* Tex.R.App. Proc. 202(k). I, therefore, dissent to the majority opinion. At the very least, there is no requirement that the appellant exercise due diligence in attempting to obtain the missing portion of the record as the majority so holds today. Maj. op. at p. 515.

I also write, however, to point out that this case presents an additional problem which neither party has briefed or argued. Section 52.046(a)(4) of the Government Code, entitled General Powers and Duties, provides:

> (a) On request, an official court reporter shall: ...
>
> (4) preserve the notes for future reference for *three years* from the date on which they were taken[.] (emphasis added)

In this case, the State did not move to adjudicate appellant's guilt until *more than three years* after appellant's no contest hearing. Apparently, the court reporter was within her authority, pursuant to

§ 52.046(a)(4), to destroy the notes from the no contest plea. Under Tex.R.App. Proc. 50(e), an appellant is entitled to a new trial if the court reporter's notes are lost or destroyed without appellant's fault. The possible interplay of these two provisions presents this Court with some unanswered questions, *viz:* (1) is the appellant entitled to a new trial under Rule 50(e) when the court reporter destroys his or her notes pursuant to § 52.046(a)(4); and (2) how do we reconcile these two provisions.

Because I disagree with the majority's resolution of the State's petition, I dissent.

---

**1.** The court of appeals stated that "because the entire record of the case was transferred to the 248th from the 176th, and given the judge's specific, unlimited order, we find timely notice to the official court reporter of the 248th District Court was adequate as timely notice to the court reporter of the 176th District Court." *Culton*, 818 S.W.2d at 842.