TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00214-CR






Walter Hale, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0963090, HONORABLE TOM BLACKWELL, JUDGE PRESIDING






 Walter Hale pled guilty to the offense of driving while intoxicated ("DWI") enhanced by
three previous convictions for DWI. The trial court sentenced him to seven-years imprisonment, probated
for seven years. (1) See Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (West Supp. 1998). The trial court
subsequently revoked Hale's community supervision after a hearing.

 Hale now appeals on a point of error urging fundamental error in the original judgment of
conviction. See Corley v. State, 782 S.W.2d 859, 860 n.2 (Tex. Crim. App. 1989); Dinnery v. State,
592 S.W.2d 343, 350 (Tex. Crim. App. 1979) (opinion on rehearing). We will affirm the order revoking
community supervision.


THE CONTROVERSY


 Hale contends in his point of error that only one previous DWI conviction was established
and the trial court therefore exceeded its jurisdiction in finding him guilty and punishing him for a third-degree felony. See Tex. Penal Code Ann. § 49.09(b). The contention rests on the following argument: 
(1) Before Hale pleaded guilty, the State voluntarily struck from the indictment one of the three previous
DWI convictions alleged therein; and (2) another of the previous DWI convictions, in Waller County, was
void because Hale was denied in that proceeding his rights to counsel, to be present at trial, and to plead
personally to the charge.


DISCUSSION AND HOLDINGS


 The copy of the indictment in our record shows the following deletions from the language
of the instrument:


In the Name and by Authority of the State of Texas:


The Grand Jury . . . presents . . . that Walter Hale, on or about the 3rd day of June A.D.
1996 . . . in the County of Travis, and State of Texas, did then and there drive and operate
a motor vehicle in a public place while intoxicated . . . and had previously been convicted
of an offense relating to the driving or operating of a motor vehicle while intoxicated as
follows:


in cause no. 93,488 of the 147th Judicial District Court of Travis County,
Texas, on September 15, 1988;


in cause no. 10931 of the County Court of Waller County, Texas, on
March 14, 1984;


Paragraph II



And the Grand Jury further presents that previously Walter Hale had been
convicted of the felony offense of Driving While Intoxicated, on August
11, 1995, in cause number 93-3159 in the 299th Judicial District Court
of Travis County, Texas which conviction had become final before the
commission of the offense alleged in the preceding paragraphs or counts.


against the peace and dignity of the State.



 The deletions resulted from Hale's pretrial motion to quash the indictment on the ground
that it "purports to allege a paragraph enhancing the instant prosecution into a prosecution for a second
degree felony based on a prior felony driving while intoxicated, which is not permitted under the statute." 
The prosecuting attorney thereupon deleted the portions of the indictment indicated. Hale, the prosecutor,
and the trial judge concurred that "this case is now a felony of the third degree from two to ten years in
prison and up to $10,000.00 and is not a second degree felony." That the heading "Paragraph II" and the
reference to a previous "felony offense" were stricken, while the remaining description of the 1995
conviction was left undisturbed, indicates without doubt that Hale, the prosecutor, and the trial judge
understood that the 1995 conviction remained in the indictment allegations for the purposes of enhancement
in connection with a third degree felony.

 We hold the State did not strike entirely from the indictment the August 11, 1995, offense
in Travis County. Because the two previous Travis County convictions remain even if the Waller County
conviction is void for the reasons assigned by Hale, we need not consider the correctness of those reasons.

 We affirm the order revoking community supervision.



 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 8, 1998

Do Not Publish

1. Only two previous convictions were necessary. See Texas Penal Code section 49.09(b),
providing as follows:


If it is shown on the trial of an offense under section 49.04 . . . that the person has
previously been convicted two times of an offense relating to the operating of a motor
vehicle while intoxicated, . . . the offense is a felony of the third degree.


Tex. Penal Code Ann. § 49.09(b) (West Supp. 1998) (emphasis added).


DISCUSSION AND HOLDINGS


 The copy of the indictment in our record shows the following deletions from the language
of the instrument:


In the Name and by Authority of the State of Texas:


The Grand Jury . . . presents . . . that Walter Hale, on or about the 3rd day of June A.D.
1996 . . . in the County of Travis, and State of Texas, did then and there drive and operate
a motor vehicle in a public place while intoxicated . . . and had previously been convicted
of an offense relating to the driving or operating of a motor vehicle while intoxicated as
follows:


in cause no. 93,488 of the 147th Judicial District Court of Travis County,
Texas, on September 15, 1988;


in cause no. 10931 of the County Court of Waller County, Texas, on
March 14, 1984;