COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-293-CR
 
TRACY DEAN NOWELL
                                                           APPELLANT
V.
THE STATE OF TEXAS
                                                                  
STATE
------------
FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Pursuant to a plea bargain, Appellant Tracy Dean Nowell pled guilty to the
offense of forgery, which was a third degree felony at that time,(2)
and the trial court convicted and sentenced him to ten years' confinement,
probated for ten years. Almost seven years later, the trial court amended
Appellant's conditions of probation, requiring him to

 1.     REMAIN IN THE SUBSTANCE ABUSE FELONY PUNISHMENT
 FACILITY OPERATED BY THE COMMUNITY JUSTICE ASSISTANCE DIVISION FOR NO MORE
 THAN ONE (1) YEAR, BEGINNING ONCE PLACED. THE DEFENDANT SHALL COMPLY WITH ALL
 RULES, REGULATIONS, AND TREATMENT PROGRAMS AND REMAIN IN SUCH FACILITY UNTIL
 DISCHARGED BY THE COURT.

Less than four months later, the State filed a petition to revoke Appellant's
probated sentence, alleging that he had violated his conditions of probation by
being "unsuccessfully discharged from the Johnson Substance Abuse Felony
Punishment Facility on May 10, 2002, for refusing to participate in the modified
Therapeutic Community Substance Abuse Program." Appellant pled not true and
the trial court held a hearing. A counselor employed by the facility testified
that Appellant took an extra shower without permission; voiced threats to his
peers after she reprimanded him; and bought an unauthorized cup of coffee,
denied it, and became disruptive after he was caught. All of these acts were
violations of the program. Additionally, the State introduced a note signed by
Appellant and addressed to "Judge Gill." Witnessed by others, the note
stated: "I refuse to participate in this program! Bring me back to Tarrant
County." Appellant admitted that he wrote and signed this note. The trial
court found the allegation in the petition true, revoked Appellant's probation,
and imposed the ten-year sentence, which was within the range of punishment.(3)
Appellant's court-appointed appellate counsel has filed a motion to withdraw
as counsel and a brief in support of that motion. In the brief, counsel avers
that, in his professional opinion, this appeal is frivolous. Counsel's brief and
motion meet the requirements of Anders v. California(4)
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. This court has provided Appellant the
opportunity to file a pro se brief, but he has not done so.
Once Appellant's court-appointed counsel files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and to essentially rebrief the case for Appellant to see if there is any
arguable ground that may be raised on his behalf.(5)
Article 42.12, section 23(b) affords a defendant an unrestricted right to
appeal from an order revoking regular community supervision, even if that
community supervision was a result of a plea bargain.(6)
But at this stage, a defendant may generally not raise issues related to his
conviction and punishment resulting from his original plea; he may appeal only
the revocation.(7)The only exception to this rule
is the "void judgment" exception.(8) As
the Texas Court of Criminal Appeals has explained:

 A judgment of conviction for a crime is void when (1) the document
 purporting to be a charging instrument (i.e. indictment, information, or
 complaint) does not satisfy the constitutional requisites of a charging
 instrument, thus the trial court has no jurisdiction over the defendant, (2)
 the trial court lacks subject matter jurisdiction over the offense charged,
 such as when a misdemeanor involving official misconduct is tried in a county
 court at law, (3) the record reflects that there is no evidence to support the
 conviction, or (4) an indigent defendant is required to face criminal trial
 proceedings without appointed counsel, when such has not been waived, in
 violation of Gideon v. Wainwright.(9)
 
 

Our review of the record reveals no jurisdictional defects. The trial court
had jurisdiction over this case.(10) Further,
the indictment sufficiently conferred jurisdiction on the trial court and
provided appellant with sufficient notice.(11)
The record demonstrates that there was evidence to support the conviction.
Appellant's signed judicial confession appears in the clerk's record. Although a
signed judicial confession admitted into evidence is sufficient evidence to
support a guilty plea, we do not have a reporter's record; thus we have no way
of knowing whether Appellant's confession was admitted into evidence.(12)
There is no indication in the clerk's record that Appellant waived the
reporter's record. Nevertheless, "for a judgment to be void, the record
must leave no question about the existence of the fundamental defect. If the
record is incomplete, and the missing portion could conceivably show that the
defect does not in fact exist, then the judgment is not void."(13)
Consequently, Appellant could not rely on the absence of the reporter's record
to allege a "void judgment" at this stage. Finally, the record shows
that Appellant had counsel for the proceedings. We conclude that the "void
judgment" exception does not apply to Appellant; Appellant can therefore
only complain about the revocation.
Based on the evidence presented, the revocation was not an abuse of
discretion.(14) Appellant's note, his testimony,
and the counselor's testimony all support the trial court's determination.
Additionally, our review of the record yields no evidence that Appellant's
counsel did not provide constitutionally required effective assistance of
counsel.(15)
After independently reviewing the record, we agree with appellate counsel's
determination that any appeal from this case would be frivolous. Accordingly, we
grant appellate counsel's motion to withdraw and affirm the trial court's
judgment.
 
                                                           PER
CURIAM
 
PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 26, 2003

1. See Tex. R. App. P. 47.4.
2. Act of May 24, 1973, 63rd Leg., R.S., ch.
399, § 32.21, 1973 Tex. Gen. Laws 883, 935 (amended 1993) (current version at
Tex. Penal Code Ann. § 32.21 (Vernon 2003)).
3. See Tex. Penal Code Ann. § 12.34 (Vernon
2003) (providing range of punishment for third degree felonies).
4. 386 U.S. 738, 87 S. Ct. 1396 (1967).
5. Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991).
6. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon
Supp. 2003); see Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App.
1998).
7. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b).
8. Corley v. State, 782 S.W.2d 859, 860 n.2 (Tex.
Crim. App. 1989); Gonzales v. State, 723 S.W.2d 746, 747 n.3 (Tex.
Crim. App. 1987).
9. Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim.
App. 2001).
10. See Tex. Code Crim. Proc. Ann. art. 4.05.
11. See Tex. Const. art. V, § 12; Duron v.
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
12. See McDougal v. State, 02-02-00281-CR, slip
op. at 2-3, 2003 WL 1777331, at *1 (Tex. App.--April 3, 2003, pet. filed).
13. Nix, 65 S.W.3d at 668-69.
14. See Jackson v. State, 645 S.W.2d 303, 305
(Tex. Crim. App. 1983).
15. See Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984).