nowell v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-293-CR

TRACY DEAN NOWELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant Tracy Dean Nowell pled guilty to the offense of forgery, which was a third degree felony at that time,
(footnote: 2) and the trial court convicted and sentenced him to ten years’ confinement, probated for ten years.  Almost seven years later, the trial court amended Appellant’s conditions of probation, requiring him to  

1. REMAIN IN THE SUBSTANCE ABUSE FELONY PUNISHMENT FACILITY OPERATED BY THE COMMUNITY JUSTICE ASSISTANCE DIVISION FOR NO MORE THAN ONE (1) YEAR, BEGINNING ONCE PLACED.  THE DEFENDANT SHALL COMPLY WITH ALL RULES, REGULATIONS, AND TREATMENT PROGRAMS AND REMAIN IN SUCH FACILITY UNTIL DISCHARGED BY THE COURT.

Less than four months later, the State filed a petition to revoke Appellant’s probated sentence, alleging that he had violated his conditions of probation by being “unsuccessfully discharged from the Johnson Substance Abuse Felony Punishment Facility on May 10, 2002, for refusing to participate in the modified Therapeutic Community Substance Abuse Program.”  Appellant pled not true and the trial court held a hearing.  A counselor employed by the facility testified that Appellant took an extra shower without permission; voiced threats to his peers after she reprimanded him; and bought an unauthorized cup of coffee, denied it, and became disruptive after he was caught.  All of these acts were violations of the program.  Additionally, the State introduced a note signed by Appellant and addressed to “Judge Gill.”  Witnessed by others, the note stated: “I refuse to participate in this program!  Bring me back to Tarrant County.”  Appellant admitted that he wrote and signed this note.  The trial court found the allegation in the petition true, revoked Appellant’s probation, and imposed the ten-year sentence, which was within the range of punishment.
(footnote: 3) 

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 4) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court has provided Appellant the opportunity to file a pro se brief, but he has not done so.  

Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 5) 

Article 42.12, section 23(b) affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community 
supervision was a result of a plea bargain.
(footnote: 6)  
But at this stage, a defendant may generally not raise issues related to his conviction and punishment resulting from his original plea; he may appeal only the revocation.
(footnote: 7) 
The only exception to this rule is the “void judgment” exception.
(footnote: 8) 
 As the Texas Court of Criminal Appeals has explained: 

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of 
Gideon v. Wainwright
.
(footnote: 9) 

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over this case.
(footnote: 10)  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided appellant with sufficient notice.
(footnote: 11)   The record demonstrates that there was evidence to support the conviction.  Appellant’s signed judicial confession appears in the clerk’s record. Although a signed judicial confession admitted into evidence is sufficient evidence to support a guilty plea, we do not have a reporter’s record; thus we have no way of knowing whether Appellant’s confession was admitted into evidence.
(footnote: 12)  There is no indication in the clerk’s record that Appellant waived the reporter’s record.  Nevertheless, “for a judgment to be void, the record must leave no question about the existence of the fundamental defect.  If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void.”
(footnote: 13)  Consequently, Appellant could not rely on the absence of the reporter’s record to allege a “void judgment” at this stage.  Finally, the record shows that Appellant had counsel for the proceedings.  We conclude that the “void judgment” exception does not apply to Appellant; Appellant can therefore only complain about the revocation.

Based on the evidence presented, the revocation was not an abuse of discretion.
(footnote: 14) Appellant’s note, his testimony, and the counselor’s testimony all support the trial court’s determination.  Additionally, our review of the record yields no evidence that Appellant’s counsel did not provide constitutionally required effective assistance of counsel.
(footnote: 15)
 After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 26, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Act of May 24, 1973, 63
rd
 Leg., R.S., ch. 399, § 32.21, 1973 Tex. Gen. Laws 883, 935 (amended 1993) (current version at 
Tex. Penal Code Ann.
 § 32.21 (Vernon 2003)).

3:
See
 
Tex. Penal Code Ann.
 § 12.34 (Vernon 2003) (providing range of punishment for third degree felonies).

4:
386 U.S. 738, 87 S. Ct. 1396 (1967).

5:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

6:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b) (Vernon Supp. 2003); 
see Feagin v. State
, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998).

7:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b).

8:
Corley v. State
, 782 S.W.2d 859, 860 n.2 (Tex. Crim. App. 1989); 
Gonzales v. State
, 723 S.W.2d 746, 747 n.3 (Tex. Crim. App. 1987). 

9:
Nix v. State
, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).  

10:
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05.

11:
See
 Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

12:
See McDougal v. State
, 02-02-00281-CR, slip op. at 2-3, 2003 WL 1777331, at *1 (Tex. App.—April 3, 2003, pet. filed).

13:
Nix
, 65 S.W.3d at 668-69.

14:
See Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

15:
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).