COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-094-CR
 
PEDRO ANTONIO LOPEZ                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                        
       STATE
------------
FROM THE 43
RD DISTRICT COURT OF PARKER
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Pursuant to a plea bargain, Appellant
Pedro Antonio Lopez pled guilty to the offense of burglary of a habitation, a
second degree felony,(2) and the trial court
convicted and sentenced him to ten years' confinement, probated for ten years.
Less than two months later, the State filed a petition to revoke Appellant's
probated sentence, alleging that he had violated his conditions of probation by,
among other acts and omissions, failing to register as a sex offender,
committing criminal trespass, using alcohol, and failing to pay probation fees
and court costs. Pursuant to a plea bargain, Appellant pled true to every
allegation and was sentenced to eight years' confinement in the Institutional
Division of the Texas Department of Criminal Justice, which was within the range
of punishment.(3)
Appellant signed a waiver of appeal, which
was admitted into evidence without objection, and the trial court noted on the
judgment that Appellant waived his notice of appeal in open court. Appellant
filed a pro se notice of appeal, and the trial court denied permission to appeal
in a written order.
Appellant's court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of that
motion. In the brief, counsel avers that, in her professional opinion, this
appeal is frivolous. Counsel's brief and motion meet the requirements of Anders
v. California(4) by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.
Once Appellant's court-appointed counsel
files a motion to withdraw on the ground that the appeal is frivolous and
fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record and to essentially rebrief
the case for Appellant to see if there is any arguable ground that may be raised
on his behalf.(5)
Article 42.12, section 23(b) affords a
defendant an unrestricted right to appeal from an order revoking regular
community supervision, even if that community supervision was a result of a plea
bargain.(6) But at this stage, a defendant may
generally not raise issues related to his conviction and punishment resulting
from his original plea; he may appeal only the revocation.(7)
The only exception to this rule is the "void judgment" exception.(8)
As the Texas Court of Criminal Appeals has explained:

        
 A judgment of conviction for a crime is void when (1) the document purporting
 to be a charging instrument (i.e. indictment, information, or complaint) does
 not satisfy the constitutional requisites of a charging instrument, thus the
 trial court has no jurisdiction over the defendant, (2) the trial court lacks
 subject matter jurisdiction over the offense charged, such as when a
 misdemeanor involving official misconduct is tried in a county court at law,
 (3) the record reflects that there is no evidence to support the conviction,
 or (4) an indigent defendant is required to face criminal trial proceedings
 without appointed counsel, when such has not been waived, in violation of Gideon
 v. Wainwright.(9)

Our review of the record reveals no
jurisdictional defects. The trial court had jurisdiction over this case.(10)
Further, the indictment sufficiently conferred jurisdiction on the trial court
and provided Appellant with sufficient notice.(11)
The record demonstrates that there was evidence to support the
conviction. Appellant's signed judicial confession was admitted into evidence.(12)
Finally, the record shows that Appellant had counsel for the proceedings. We
conclude that the "void judgment" exception does not apply to
Appellant; Appellant can therefore at most complain about the revocation. If,
however, Appellant's waiver of appeal is valid, he cannot raise a complaint
about the revocation on appeal.
This court provided Appellant the opportunity to file a pro se brief,
but he has not done so. His pro se notice of appeal, however, claims that he did
not understand the proceedings in the trial court and needed a Spanish-speaking
attorney. In the interest of justice, we will treat this complaint as a
complaint about the voluntariness of his waiver.
A defendant in a noncapital case may waive any right secured him by
law, including his right to appeal.(13) Such a
waiver is valid if the defendant is fully aware of the consequences of his
waiver; that is, if the waiver is voluntary, knowing, and intelligent.(14)
When the record contains prima facie evidence that a waiver of appeal is valid,
then the burden shifts to the defendant to prove otherwise.(15)
Appellant signed the written plea admonishments after this sentence:

        I,
 the above named defendant, hereby state that I have read each and every
 paragraph above (or if unable to read English, have had same read to me) and I
 fully understand each and every paragraph and am aware of the consequences of
 my plea.

 
Appellant also signed the judicial confession and written waiver.
Paragraph 1 provides:

        I
 am able to read the English language. I fully understand each of the
 admonishments given by the Court in the document entitled WRITTEN PLEA
 ADMONISHMENTS FOR MOTION TO REVOKE COMMUNITY SUPERVISION OR PETITION TO
 PROCEED TO ADJUDICATION and have no questions about the admonishments
 contained therein. If I am unable to read the English language, then my
 attorney or an interpreter for my attorney has read this entire document to me
 in my own language and I fully understand each of the written plea
 admonishments and have no questions about them.

 
Paragraph 4 provides: "I am aware of the consequences of my plea,
am mentally competent to enter such plea, and my plea is made freely, knowingly
and voluntarily." Appellant's trial counsel joined the waiver, and the
trial court expressly found that Appellant was fully competent, that he
understood the waiver, and that his plea was free and voluntary. The trial court
also asked Appellant in open court if he understood, spoke, and read the English
language; Appellant answered, "Yes."
Additionally, the record contains an affidavit by Appellant's trial
counsel at guilt-innocence, Ben Akers, filed about two months before Appellant
signed the written plea admonishments in the revocation. Mr. Akers stated:

        I
 do not speak Spanish. I do not recall having any problems communicating with
 Pedro Lopez in English. I do not recall him giving any indication that he did
 not speak and/or understand English. In criminal cases, it is my practice to
 request an interpreter if I have any reason to believe that my client does not
 speak or understand English well enough to comprehend and understand my
 communications with him and the court proceedings. From my dealings with Pedro
 Lopez, I was satisfied that he spoke and understood English and that an
 interpreter was not necessary.

Finally, both the notice of appeal and later documents filed in this
court are handwritten in English and signed by Appellant.
We conclude that the record contains ample evidence that Appellant
understands English. The record contains no evidence that he does not; Appellant
has consequently failed to meet his burden of negating the validity of his
waiver of appeal. Because Appellant's waiver of appeal is valid and the trial
court refused to give him permission to appeal, Appellant is foreclosed from
bringing complaints on appeal.(16)
After independently reviewing the record, we therefore agree with
appellate counsel's determination that any appeal from this case would be
frivolous. Accordingly, we grant appellate counsel's motion to withdraw and
affirm the trial court's judgment.
 
                                                       
   PER CURIAM
 
PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 7, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. Penal Code Ann. § 30.02 (Vernon
2003).
3. See id. § 12.33.
4. 386 U.S. 738, 87 S. Ct. 1396 (1967).
5. Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991).
6. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon
Supp. 2003); see Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App.
1998).
7. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b).
8. Corley v. State, 782 S.W.2d 859, 860 n.2 (Tex.
Crim. App. 1989); Gonzales v. State, 723 S.W.2d 746, 747 n.3 (Tex.
Crim. App. 1987).
9. Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim.
App. 2001).
10. See Tex. Code Crim. Proc. Ann.
art. 4.05.
11. See Tex. Const. art. V, § 12; Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
12. See Dinnery v. State, 592
S.W.2d 343, 353 (Tex. Crim. App. 1979) (holding that after a guilty plea, a
judicial confession admitted into evidence is sufficient alone to support a
conviction).
13. Tex. Code Crim. Proc. Ann. art. 1.14(a).
14. Monreal v. State, 99 S.W.3d
615, 622 (Tex. Crim. App. 2003).
15. See Ex parte Tabor, 565 S.W.2d
945, 946 (Tex. Crim. App. 1978); Perez v. State, 885
S.W.2d 568, 570-71 (Tex. App.--El Paso 1994, no pet.).
16. Monreal, 99 S.W.3d at 622.