NUMBER 13-03-204-CR



COURT OF APPEALS





THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG








JESUS E. GUAJARDO
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 36th District Court


of San Patricio County, Texas.







MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo



Memorandum Opinion by Justice Castillo



 Appellant Jesus E. Guajardo appeals his conviction for possession of more
than 28 grams but less than 400 grams of cocaine. (1) The trial court found Guajardo in
violation of the terms of his community supervision, revoked it, and assessed his
punishment at ten years in the Institutional Division of the Texas Department of
Criminal Justice. In a single issue, Guajardo contends the punishment is excessive and
disproportionate to the seriousness of the offense and constitutes cruel and unusual
punishment under the Eighth and Fourteenth Amendments to the United States
Constitution. We affirm. 

I. BACKGROUND

 The trial court has certified that this is not a plea-bargain case, and Guajardo has
the right to appeal. See Tex. R. App. P. 25.2(a)(2). Guajardo initially pleaded guilty and
was placed on deferred-adjudication community supervision for an offense committed
on April 24, 1991. After subsequent proceedings, the trial court adjudicated his guilt
on October 18, 1999, sentenced him to ten years imprisonment, suspended the
sentence, and ordered community supervision for a term of five years. The terms and
conditions of Guajardo's community supervision required that he report twice each
month in person to the Supervision Officer of San Patricio County, Texas. 

 In its fifth motion to revoke, the State alleged, among other violations, that
Guajardo violated the terms and conditions of his community supervision in the
following particulars:

 On or about the 10th day of April 2002, in the County of San Patricio, State
of Texas, the said Jesus E. Guajardo, did then and there intentionally and
knowingly fail to report in person to the Supervision Officer of San Patricio
County, Texas, for the month of April, 2002, and further failed to report to
the Supervision Officer of San Patricio County, Texas, on the 10th day of
the succeeding months of May, 2002, June 2002, July 2002, August 2002,
September 2002, October 2002, November 2002, December 2002,
January 2003.


 Guajardo pleaded true to the State's allegation and signed a stipulation and
judicial confession that was admitted into evidence without objection during the
revocation hearing. The trial court found that Guajardo violated the terms of his
community supervision by failing to report as required, revoked Guajardo's community
supervision, and imposed a ten-year sentence. This appeal ensued. 

 II. DISPOSITION


 Guajardo was required to raise any complaints regarding the ten-year sentence
by an appeal taken in 1999 after the trial court initially assessed and suspended the
sentence. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2004) ("The right
of the defendant to appeal for a review of the conviction and punishment, as provided
by law, shall be accorded the defendant at the time he is placed on community
supervision. When he is notified that his community supervision is revoked for
violation of the conditions of community supervision and he is called on to serve a
sentence in a jail or in the institutional division of the Texas Department of
Criminal Justice, he may appeal the revocation."); see also Corley v. State, 782 S.W.2d
859, 860 (Tex. Crim. App. 1989) (applying former article 42.12, § 8(b)). Guajardo did not
appeal then, however, and any challenge now to the sentence imposed at that time is
untimely. See Corley, 782 S.W.2d at 860. As a consequence, he now may
challenge his sentence only if it was outside the maximum range of punishment,
which would be unauthorized by law and therefore illegal. Mizell v. State,
119 S.W.3d 804, 806 (Tex. Crim. App. 2003). (2) Unlike most trial errors, which are
forfeited if not timely asserted, a party is not required to make a contemporaneous
objection to the imposition of an illegal sentence. Id. at 806 n.6. 

 Here, however, the sentence assessed by the trial court was not illegal because
it was within the statutorily permissible range for the charged offense on the date
Guajardo committed the offense. See Act of May 16, 1989, 71st Leg., R.S., ch. 678, §
1, sec. 481.115, 1989 Tex. Gen. Laws 2936-37, 3165 (eff. Sept. 1, 1989) (amended 1993)
(current version at Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 1989))
(establishing range of punishment for possession of more than 28 grams but less
than 400 grams of cocaine as five to ninety-nine years or life imprisonment). 

 Further, Guajardo did not present his argument to the trial court. Generally,
a party's failure to timely and specifically object at trial waives error. See Tex. R. App. P.
33.1(a); see also Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). An accused
may waive even constitutional rights. Saldano v. State, 70 S.W.3d 873, 887 (Tex. Crim.
App. 2002); Jenkins v. State, 912 S.W.2d 793, 815 (Tex. Crim. App. 1995) (op. on reh'g). 
Nonetheless, rule 103(d) of the rules of evidence authorizes us in a criminal case to
"take notice of fundamental errors affecting substantial rights although they were not
brought to the attention of the court." Tex. R. Evid. 103(d). "Some rights are widely
considered so fundamental to the proper functioning of our adjudicatory process as to
enjoy special protection in the system." Blue, 41 S.W.3d at 131. "A principle [sic]
characteristic of these rights is that they cannot be forfeited. That is to say, they are not
extinguished by inaction alone." Id. Instead, an accused must expressly relinquish a
fundamental right. Id. Given that Guajardo's sentence was not illegal, however, we
hold that the rights Guajardo asserts for the first time on appeal are not so fundamental
as to have relieved him of the necessity of a timely, specific trial objection. See Nunez
v. State, 117 S.W.3d 309, 320 (Tex. App.-Corpus Christi 2003, no pet.) (citing Blue,
41 S.W.3d at 131). 

 III. CONCLUSION


 Accordingly, we hold that Guajardo waived at trial his cruel-and-unusual-punishment and disproportionate-punishment claims. See Nunez, 117 S.W.3d
at 320; see also Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.-Corpus
Christi 1989, pet. ref'd). We overrule Guajardo's sole issue. We affirm the judgment
and sentence of the trial court. 


 ERRLINDA CASTILLO

 Justice

Do Not Publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 11th day of March, 2004. 

1. Act of May 16, 1989, 71st Leg., R.S., ch. 678, § 1, sec. 481.115, 1989 Tex. Gen. Laws 2936-37,
3165 (eff. Sept. 1, 1989) (amended 1993) (current version at Tex. Health & Safety Code Ann. § 481.115(d)
(Vernon 1989)). 
2. The court of criminal appeals in Mizell did not "address the question of whether a defendant
might, in some circumstances, be estopped from complaining, after he had enjoyed its benefits, that his
sentence was illegal or 'void' because it was below the statutory minimum." Mizell v. State, 119 S.W.3d
804, 806 n.8 (Tex. Crim. App. 2003).