Robert Lee Davis v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-030-CR

ROBERT LEE DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert Lee Davis pled guilty to felony assault bodily injury–family violence, and, pursuant to a plea bargain, the trial court convicted him of the offense and sentenced him to five years’ confinement and a $700 fine, probating the confinement portion of the sentence for eight years. Six months later, the State filed a petition to revoke Appellant’s community supervision, contending that Appellant had violated various terms of his community supervision.  Appellant pled true to allegations that he had failed to report in May, June, and July of 2004 and had failed to pay various court costs, fines, and fees for those months.  He also signed a judicial confession admitting the allegations contained in the petition.  After a hearing at which Appellant testified, the trial court revoked Appellant’s community supervision and sentenced him to three years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant timely filed a notice of appeal.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court has provided Appellant the opportunity to file a pro se brief, but he has not done so.

After Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 3) 

Article 42.12, section 23(b) affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community 
supervision was a result of a plea bargain.
(footnote: 4)  
But at this stage, a defendant may generally not raise issues related to his conviction and punishment resulting from his original plea; he may appeal only the revocation.
(footnote: 5) 
The only exception to this rule is the “void judgment” exception.
(footnote: 6) 
 As the Texas Court of Criminal Appeals has explained, 

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of 
Gideon v. Wainwright
.
(footnote: 7)

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over this case.
(footnote: 8)  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided Appellant with sufficient notice.
(footnote: 9)   The record demonstrates that there was evidence to support the conviction.  The reporter’s record from the revocation hearing shows that Appellant pled guilty to the offense of assault and that the complainant was his child’s mother. 
 Additionally, Appellant’s signed judicial confession providing that he is guilty of 
felony assault bodily injury–family violence 
appears in the clerk’s record, as does the fact that the trial court took judicial notice of the confession.
(footnote: 10)  Finally, the record shows that Appellant had counsel for the proceedings.  We conclude that the “void judgment” exception does not apply to Appellant; Appellant can therefore only complain about the revocation.

Based on the evidence presented, the revocation was not an abuse of discretion.
(footnote: 11)  
Proof by a preponderance of the evidence of any 
one
 of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.
(footnote: 12)  Appellant pled true to multiple violations.  Additionally, our review of the record yields no evidence that Appellant’s counsel did not provide constitutionally required effective assistance of counsel.
(footnote: 13)
 After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b) (Vernon Supp. 2005); 
see Feagin v. State
, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998).

5:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b).

6:
Corley v. State
, 782 S.W.2d 859, 860 n.2 (Tex. Crim. App. 1989); 
Gonzales v. State
, 723 S.W.2d 746, 747 n.3 (Tex. Crim. App. 1987). 

7:
Nix v. State
, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).

8:
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005); 
Tex. Gov’t Code Ann.
 § 24.910(b), (c) (Vernon 2004).

9:
See
 Tex. Const. 
art. V, § 12; 
Tex. Penal Code Ann.
 § 22.01 (Vernon 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

10:
See McDougal v. State
, 105 S.W.3d 119, 120-21 (Tex. App.—Fort Worth 2003, pet. ref’d).

11:
See Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

12:
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); 
Sanchez v. State
, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

13:
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).