COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-030-CR

 

 

ROBERT LEE DAVIS                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Robert Lee Davis
pled guilty to felony assault bodily injuryBfamily violence, and, pursuant to a plea bargain, the trial court
convicted him of the offense and sentenced him to five years= confinement and a $700 fine, probating the confinement portion of the
sentence for eight years.        Six
months later, the State filed a petition to revoke Appellant=s community supervision, contending that Appellant had violated
various terms of his community supervision. 
Appellant pled true to allegations that he had failed to report in May,
June, and July of 2004 and had failed to pay various court costs, fines, and
fees for those months.  He also signed a
judicial confession admitting the allegations contained in the petition.  After a hearing at which Appellant testified,
the trial court revoked Appellant=s community supervision and sentenced him to three years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  Appellant timely filed
a notice of appeal.

Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  This
court has provided Appellant the opportunity to file a pro se brief, but he has
not done so.








After Appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and to essentially rebrief the case for Appellant to see if there is any
arguable ground that may be raised on his behalf.[3]


Article 42.12, section 23(b)
affords a defendant an unrestricted right to appeal from an order revoking
regular community supervision, even if that community supervision was a result
of a plea bargain.[4]  But at this stage, a defendant may generally
not raise issues related to his conviction and punishment resulting from his
original plea; he may appeal only the revocation.[5]
The only exception to this rule is the Avoid judgment@ exception.[6]  As the Texas Court of Criminal Appeals has
explained, 








A
judgment of conviction for a crime is void when (1) the document purporting to
be a charging instrument (i.e. indictment, information, or complaint) does not
satisfy the constitutional requisites of a charging instrument, thus the trial
court has no jurisdiction over the defendant, (2) the trial court lacks subject
matter jurisdiction over the offense charged, such as when a misdemeanor
involving official misconduct is tried in a county court at law, (3) the record
reflects that there is no evidence to support the conviction, or (4) an indigent
defendant is required to face criminal trial proceedings without appointed
counsel, when such has not been waived, in violation of Gideon v. Wainwright.[7]

 

Our review of the record
reveals no jurisdictional defects.  The
trial court had jurisdiction over this case.[8]  Further, the indictment sufficiently
conferred jurisdiction on the trial court and provided Appellant with
sufficient notice.[9]        The
record demonstrates that there was evidence to support the conviction.  The reporter=s record from the revocation hearing shows that Appellant pled guilty
to the offense of assault and that the complainant was his child=s mother.  Additionally,
Appellant=s signed
judicial confession providing that he is guilty of felony assault bodily injuryBfamily violence appears in the clerk=s record, as does the fact that the trial court took judicial notice
of the confession.[10]  Finally, the record shows that Appellant had
counsel for the proceedings.  We conclude
that the Avoid
judgment@ exception does not apply to Appellant; Appellant can therefore only
complain about the revocation.








Based on the evidence
presented, the revocation was not an abuse of discretion.[11]  Proof by a preponderance of the evidence
of any one of the alleged violations of the conditions of community
supervision is sufficient to support a revocation order.[12]  Appellant pled true to
multiple violations.  Additionally, our
review of the record yields no evidence that Appellant=s counsel did not provide constitutionally required effective
assistance of counsel.[13]

After independently reviewing
the record, we agree with appellate counsel=s determination that any appeal from this case would be
frivolous.  Accordingly, we grant
appellate counsel=s motion to
withdraw and affirm the trial court=s judgment.

PER CURIAM

PANEL F:    DAUPHINOT,
WALKER, and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2005  











[1]See Tex.
R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396
(1967).





[3]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).





[4]Tex. Code
Crim. Proc. Ann. art.
42.12, ' 23(b) (Vernon Supp. 2005); see
Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998).





[5]Tex. Code
Crim. Proc. Ann. art.
42.12, ' 23(b).





[6]Corley v. State, 782 S.W.2d 859, 860 n.2 (Tex.
Crim. App. 1989); Gonzales v. State, 723 S.W.2d 746, 747 n.3 (Tex. Crim.
App. 1987). 





[7]Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim.
App. 2001).





[8]See Tex. Code
Crim. Proc. Ann. art.
4.05 (Vernon 2005); Tex. Gov=t Code
Ann. ' 24.910(b), (c) (Vernon 2004).





[9]See Tex.
Const. art. V, ' 12; Tex. Penal Code Ann. ' 22.01 (Vernon 2005); Duron v. State, 956 S.W.2d
547, 550-51 (Tex. Crim. App. 1997). 





[10]See McDougal v. State, 105 S.W.3d 119, 120-21 (Tex. App.CFort Worth 2003, pet. ref=d).





[11]See Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim.
App. 1983).





[12]Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. [Panel Op.] 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex.
Crim. App. [Panel Op.] 1980).





[13]See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984).