

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00533-CR

Symon Taylor **LOYD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR3322W
Honorable Joey Contreras, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: March 13, 2019

AFFIRMED

Appellant Simon Loyd appeals from the adjudication of his guilt, the revocation of his deferred adjudication community supervision, and the resulting twenty-year sentence after he pleaded true to violating a community-supervision condition. In a single issue, Loyd contends the trial court abused its discretion by basing its decision to revoke on uncharged or dismissed extraneous offenses. We conclude that the trial court did not abuse its discretion in adjudicating Loyd's guilt and revoking his deferred adjudication community supervision. We affirm the trial court's judgment.

BACKGROUND

In May 2011, Loyd pleaded guilty to the offense of aggravated assault with serious bodily injury, pursuant to a plea bargain. The trial court deferred Loyd's adjudication for a period of ten years and placed Loyd on community supervision. On April 1, 2016, the State filed a violation report alleging two violations. The trial court continued Loyd on community supervision but amended the conditions of his community supervision.

On June 1, 2018, the State filed a Motion to Enter Adjudication of Guilt and Revoke Community Supervision (Adult Probation). The State alleged four violations, including that Loyd committed the new offense of driving while intoxicated; consumed alcoholic beverages; failed to complete 96.33 hours of community service restitution; and failed to register/attend an outpatient treatment program. On June 27, 2018, the same date as the revocation hearing, the State supplemented its motion to include the violation of commission of an additional new offense, retaliation. However, defense counsel stated she was not ready for the supplemental motion, and the trial court stated it was not going to consider the supplemental motion. The State agreed to limit its case to the original motion.

The trial court held a hearing on the motion to adjudicate at which Loyd pleaded true to the violation of committing a new offense, driving while intoxicated. The trial court entered a finding of true and adjudicated Loyd guilty of the underlying offense, aggravated assault with serious bodily injury, and entered an affirmative deadly weapon finding. The trial court assessed punishment at twenty years' imprisonment. Loyd filed a motion for reconsideration. Following a hearing, the trial court denied Loyd's motion for reconsideration.

DISCUSSION

In a single issue on appeal, Loyd contends the trial court abused its discretion by revoking his deferred adjudication based on "a dismissed retaliation motion and by basing [the] revocation

and sentencing on the aggravated robbery charge that was dismissed rather than on the actual charge of aggravated assault."

"An appeal from an order revoking [community supervision] is limited to the propriety of the revocation." *Corley v. State*, 782 S.W.2d 859, 860 n.2 (Tex. Crim. App. 1989) (en banc). We review a trial court's decision to revoke community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In a revocation hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight given to their testimony. *Id*. A trial court's decision to revoke community supervision is examined in the light most favorable to the trial court's judgment. *Id*.

"To revoke probation (whether it be regular probation or deferred adjudication), the State need prove the violation of a condition of probation by a preponderance of the evidence." *Id*. at 864-65. Proof by a preponderance of the evidence as to any one of the alleged violations is sufficient to support a trial court's decision to revoke community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Thus, in order to prevail on appeal, Loyd must successfully challenge all the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

Here, Loyd pleaded true to committing the new offense of driving while intoxicated. A plea of true, standing alone, is sufficient to support revocation of community supervision. *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, pet. denied). Loyd's appellate brief focuses on the State's recitation of the facts surrounding the original offense, as well as remarks made during the hearing on Loyd's motion for reconsideration. However, neither the State's opinions regarding the propriety of the original plea agreement nor any remarks made during the hearing on Loyd's motion for reconsideration were relevant with respect to the new offense

- 3 -

allegation, and Loyd's brief failed to challenge this ground. Accordingly, after reviewing the record of the revocation proceedings, we hold that Loyd has failed to show that the trial court abused its discretion in revoking his deferred adjudication based on the unchallenged ground that he committed the new offense of driving while intoxicated.

To the extent Loyd additionally argues the sentence assessed by the trial court upon the revocation of his deferred adjudication is illegal because the sentence was based on an original charge of aggravated robbery rather than the actual charged offense of aggravated assault, we disagree. Aggravated assault is a second-degree felony punishable by a fine not to exceed $10,000 and/or a term of imprisonment from two to twenty years. TEX. PENAL CODE ANN. §§ 12.33, 22.02. The trial court assessed Loyd's punishment at twenty years' imprisonment, which was within the proper range of punishment for that offense. *See id*. § 12.33(a). A sentence that does not exceed the allowable range of punishment is not illegal. *See Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.").

Loyd's sole issue on appeal is overruled.

## CONCLUSION

For the above reasons, we affirm the trial court's judgment.

Irene Rios, Justice

DO NOT PUBLISH

- 4 -