NUMBER 13-04-051-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

ALBERT GUTIERREZ,                                                Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 156th
District Court

                              of Bee
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

              Before Justices Rodriguez,
Castillo, and Garza

                  Memorandum Opinion by Justice Castillo

 








Appellant Albert Gutierrez appeals the sentence[2]
the trial court assessed after adjudicating guilt for the offense of indecency
with a child.[3]  The trial court sentenced him to an
eight-year term in the Texas Department of Criminal Justice-Institutional
Division.  By one issue, Gutierrez asserts his
sentence is "cruel and unusual" in that it is disproportionate to the
severity of the crime for which he was convicted.  We affirm.

I.  Background

Gutierrez pleaded
guilty to the charged offense pursuant to a plea agreement.[4]  The trial court deferred a finding of guilt
and placed Gutierrez on community supervision for a term of eight years.  During the term of this deferred adjudication
probation, the State filed a motion to revoke community supervision and
adjudicate guilt on grounds that Gutierrez failed to (1) report to his
probation officer, (2) attend a sex offender treatment program, (3) remain 1000
feet away from any place where children gather, and (4) pay a supervisory fee.  As a result of the State's motion and
Gutierrez's plea of true to the allegations, the trial court adjudicated
Gutierrez guilty.  After argument, the
trial court sentenced Gutierrez to the eight-year penitentiary term.  This appeal ensued.

 








II.  Cruel and Unusual Punishment

A.  Forfeiture
of Complaint 








Gutierrez was required to raise any complaints
involving the original plea proceeding, in which the trial court imposed
deferred adjudication probation, through an appeal taken at the time.  See Tex.
Code Crim. Proc. Ann. art. 44.01(j) (Vernon Supp. 2004-05); see
also Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001) (en
banc); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim.
App. 1999).  He did not do so.  Further, no appeal lies from the trial court's
decision to adjudicate Gutierrez's guilt. 
See Tex. Code Crim. Proc.
Ann. art. 42.12, ' 5(b) (Vernon
Supp. 2004-05); see also Connolly v.
State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999) (holding that an appellant whose deferred adjudication
has been revoked and who has been adjudicated guilty "may not raise on
appeal contentions of error in the adjudication of guilt process,"
not just in the decision to adjudicate) (emphasis added).[5]  Gutierrez also could have appealed, at the time,
the trial court's imposition of regular community supervision, but he did not
do so.  See Corley v. State, 782
S.W.2d 859, 860 (Tex. Crim. App. 1989) (en banc).  While the challenge to the trial court's
decision to adjudicate is unreviewable under the bar of article 42.12, section
5b, we may consider the challenge to the trial court's actions after a finding
of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12 ' 5b (Vernon Supp.
2004-05) ("[a]fter an adjudication of guilt, all proceedings, including
assessment of punishment, pronouncement of sentence, granting of community
supervision, and defendant's appeal continue as if the adjudication of guilt
had not been deferred."); Issa v. State, 826 S.W.2d 159, 161 (Tex.
Crim. App. 1992) (en banc) (holding a defendant does have a limited right to
challenge errors made following a determination to adjudicate).  Gutierrez argues that application of the test
in Solem v. Holm, 463 U.S. 277, 290-91 (1983) shows that the sentence is
disproportionate to the offense.  








Gutierrez made no
objection to his sentence to the trial court, either at the time of sentencing
or in any post-trial motion, on any grounds, nor did he ever lodge an
objection, under constitutional or other grounds, to the alleged disparity,
cruelty, unusualness or excessiveness of the sentences.[6]  Even constitutional claims can be waived by
failure to object.  Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986). 
To preserve an error for appellate review, a party must present a timely
objection to the trial court, state the specific grounds for the objection, and
obtain a ruling.  Tex. R. App. P. 33.1(a).  Generally,
an appellant may not complain of an error pertaining to his sentence or
punishment if he has failed to object or otherwise raise error in the trial
court.  Mercado v. State,
718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); see Solis v. State,
945 S.W.2d 300, 301 (Tex. App.BHouston [1st Dist.]
1997, pet. ref=d) (holding that claim
of grossly disproportionate sentence violative of Eighth Amendment forfeited by
failure to object); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.BCorpus Christi 1989,
pet. ref=d) (en banc) (holding
that failure to object to sentence as cruel and unusual forfeits error).  In the present case, by failing to object to
the trial court's sentence below, Gutierrez forfeited his complaint on appeal.        

However, even absent
forfeiture, we conclude that Gutierrez's sentence did not constitute cruel and
unusual punishment.  Punishment which
falls within the limits prescribed by a valid statute is not excessive, cruel,
or unusual.  See Harris v. State,
656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (en banc); Jordan v. State,
495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d
611, 614 (Tex. Crim. App. 1972).  The
punishment assessed, eight years, falls within the applicable punishment range.  Tex.
Pen. Code Ann. ' 12.33(a) (Vernon
2003) (stating that the punishment range is from two to twenty years'
imprisonment).  Thus, the punishment is
not, per se, prohibited as cruel, unusual, or excessive.  

B.  Disproportionate Sentence








We recognize, as
Gutierrez posits, that it has been held that a sentence within the range of
punishment may still violate the Eighth Amendment if it is grossly
disproportionate to the offense committed. 
Solem, 463 U.S. at 289. 
However, the viability and mode of application of proportionate analysis
in non-death penalty cases is currently in question.  See McGruder v. Puckett, 954
F.2d 313, 315-16 (5th Cir.1992) (discussing the various opinions issued in Harmelin
v. Michigan, 501 U.S. 957 (1991) and their impact on the Solem decision).  In the present case, even if error had been
preserved as to this argument, and assuming arguendo the viability of a
proportionality review, eight years in prison is not a grossly disproportionate
sentence considering the evidence presented as to the crime.[7]  

III.  Conclusion

We overrule
Gutierrez's sole issue and affirm the trial court judgment.

 

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 30th day of June, 2005.

 











[1] See Tex.
R. App. P. 47.2, 47.4.  





[2] See Tex.
Code Crim. Proc. Ann. art. 42.02 (Vernon Supp. 2004-05).  





[3] Tex. Pen.
Code Ann. _ 21.11(a)(2)(A) (Vernon 2003).  The offense is a third degree felony, id. _ 21.11(d) (Vernon 2003), punishable by a term of
imprisonment of not more than ten years or less than two years.  Id. _ 12.33(a) (Vernon 2003).  





[4] Evidence showed that, as to the
charged offense, Gutierrez exposed himself to his minor stepdaughter.  Evidence also showed he had previously
touched her inappropriately. 

 

 





[5] 
A trial court's decision to proceed with an adjudication of guilt is one
of absolute discretion 

and is not reviewable.  Williams v. State, 592 S.W.2d 931, 932‑33
(Tex. Crim. App. 1979) (holding that an appellant cannot argue on appeal that
the evidence adduced at the revocation hearing was insufficient to prove the
allegations in the State's motion to adjudicate). 





[6] 
Gutierrez filed a motion for new trial asserting the "verdict is
contrary to the law and the evidence." 
The ground raised in the motion differs from the complaint on
appeal.  See Tex. R. App. P. 33.1(a)(1)(A).    





[7] 
The McGruder court, analyzing the Supreme Court's splintered
action in Harmelin v. Michigan, 501 U.S. 957, 965 (1991), concluded that
"this much is clear: disproportionality survives, Solem does
not."  McGruder v. Pucket,
954 F.2d 313, 316 (5th Cir. 1992).  Solem required an analysis of three
questions:  (1) the gravity of the
offense and the harshness of the sentence; (2) the sentences imposed on other
criminals in the same jurisdiction; and (3) the sentences imposed for commission
of the same crime in other jurisdictions. 
Solem, 463 U.S. 277, 292 (1983). 
The McGruder court, drawing on one of the three opinions issued
in Harmelin, refined the Solem analysis to explicitly require a
threshold comparison of the harshness of the sentence and the gravity of the
offense, and then only if the court inferred that the sentence is grossly
disproportionate would it consider the remaining two factors enunciated by Solem.  McGruder, 954 F.2d at 316.  This Court has been cautious about applying
the McGruder analysis.  Sullivan v. State, 975 S.W.2d 755, 757 (Tex.
App.BCorpus Christi 1998, no pet.).  We need not consider its application today
because the proportionality issue was not preserved and because no evidence as
to the last two Solem factors was submitted to the trial court.  See Solem, 463 U.S. at 292.  Thus, no comparative analysis can be
performed.